IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD
-----------------------------------------------------------------x
GMA ACCESSORIES, INC.,

                Plaintiff-Opposer,

        v.

                     Consolidated
                     Opposition No. 91167353
                     Opposition No. 91168148
                     Opposition No. 91172177

C. RONSON, INC.,

                Defendant-Applicant.
-----------------------------------------------------------------x

## BRIEF IN OPPOSITION TO MOTION TO SUSPEND

### Procedural History

October 31, 2005:   Notice of Opposition filed.

June 22, 2006:      Plaintiff's Motion for Summary Judgment filed.

November 6, 2006:  Order denying Plaintiff's Motion for Summary Judgment.

November 29, 2006: Plaintiff's Motion for Reconsideration filed.

March 23, 2007:     Defendant's Motion for Summary Judgment filed.

October 26, 2007:  Defendant filed the instant Motion to Suspend on the same day that it filed a declaratory judgment action in the District Court.

### Statement of Facts

This case is already suspended pursuant to a prior Order pending the determination of the dispositive motions. Applicant's motion for summary judgment before this Board is thousands of pages long and was filed earlier this

year. GMA was forced to spend countless hours filing papers in opposition to this monstrous motion. Now Applicant no longer wants it decided and is asking for the Board to refrain from deciding both its motion and Plaintiff's November 2006 dispositive motion. We respectfully submit that such a request is procedurally unsound and designed to duplicate work in a calculated attempt to drive up the costs of GMA's effort to protect its CHARLOTTE trademark.

### ARGUMENT

Although applicant argues that the Board should suspend its proceedings under 37 C.F.R. §2.117(a), absent from defendant's paper is any mention of 37 C.F.R. § 2.117(b), which is applicable here and states in pertinent part, "[w]henever there is pending before the Board both a motion to suspend and a motion which is potentially dispositive of the case, <u>the potentially dispositive motion may be decided before the question of suspension is considered.</u>" Here the Board has had before it both plaintiff's and defendant's motions for summary judgment for many months and it would therefore be an economical use of this tribunal's resources for the dispositive motions to be decided.

Application of this Rule is particularly appropriate here where the dispositive motions were filed well before the District Court case was commenced. See e.g., <u>Trade Specialties, Inc. v. Bugatti International, S.A.</u> (TTAB 2005) (TTAB decided the dispositive motion instead of granting the motion to suspend.)

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Board deny Applicant's Motion to Suspend.

Dated:   New York, New York
         November 15, 2007

THE BOSTANY LAW FIRM

By: _____
    Andrew T. Sweeney
40 Wall Street
New York, New York 10005
(212) 530-4400
Attorney for Plaintiff-Opposer