UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GMA ACCESSORIES, INC.

               Plaintiff,

                                       Civil Action No.: 07CV3219 (LTS)

    - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

               Defendants.
-----------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLANTIFF'S MOTION TO DISMISS COUNTERCLAIMS and AFFIRMATIVE DEFENSE

Plaintiff GMA Accessories, Inc. (hereinafter "GMA") hereby submits this memorandum of law in support of the motion under Rule 12(b)(6) to dismiss the same 6 boilerplate conclusory counterclaims set forth in the answers of the 6 new answering defendants'[1] (hereinafter "Retailer Defendants").  Plaintiff is also moving to dismiss the defense of "trademark misuse" under Rule 12(f).

## PRELIMINARY STATEMENT

With permission of the Court and Eminent Inc. (an internet re-seller and the only remaining defendant at the time) GMA joined 6 retailers that refused to cease and desist use of the CHARLOTTE SOLNICKI mark .  Prior thereto, former defendants BELMONDO and

---

[1] Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer and Lewis Tierney

BOP had settled with GMA and were therefore dropped from the caption. The Retailer

Defendants' each included the same 3 counterclaims in their answers as a classic tactic to

intimidate the trademark holder from enforcing its rights against them.

GMA respectfully moves to dismiss the counterclaims along with the affirmative

defense of "trademark misuse" as it is not a cognizable claim or defense, and to the extent that

defendants meant to plead an anti-trust violation, they failed on numerous grounds. The fraud

counterclaims, it is respectfully submitted, also should be dismissed because they are devoid

of virtually all elements required under several of the rules applicable to pleading fraud in

trademark cases.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**"Trademark misuse" is not a cause of action and the
first counterclaim should be dismissed**</u>

Each of the Retailer Defendants have asserted a perported claim of "trademark

misuse" as their first counterclaim. a However, courts that have addressed the issue have

consistently held that "trademark misuse" is not a cognizable affirmative claim and should be

dismissed. See e.g. *Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F.Supp.2d 516, 521

(E.D. Michigan 2004) ("the court declines to announce or create an independent cause of

action for trademark misuse"); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823,

830 (E.D. Virginia 2001) ("plaintiff concedes that trademark misuse is only an affirmative

defense, not an independent cause of action"); *Whitney Information Network, Inc. v. Gagnon*,

353 F.Supp.2d 1208 (M.D. Florida 2005) ("no authority in the Eleventh Circuit or elsewhere

allowing trademark misuse as an independent unfair competition cause of action").

GMA reserves the right to seek costs and fees for the expense of opposing this frivolous counterclaim.

## POINT II

### To the extent defendants are attempting to plead an anti-trust violation, they have failed to plead that GMA has any market power whatsoever, much less, sufficient market power to gain a monopoly

To the extent that defendants attempt to re-characterize their claim as an antitrust claim, their pleading does not make out even the bare elements of an anti-trust claim. There is a "violation of that provision only if the plaintiffs' actions have led to or resulted in a dangerous probability that it will gain a monopoly over the product in issue." *Car-Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82 (N.D.N.Y. 1977) (Citations Omitted).

"Nothing in the counterclaim alleges any <u>market power</u> whatsoever, and, therefore, no allegation of a dangerous probability of success in the attempt to monopolize is presented. For this reason alone, the antitrust claim must be dismissed." *Pennwalt Corp. v. Zenith Laboratories, Inc.*, 472 F.Supp. 413, 423 (E.D. Michigan 1979) (emphasis supplied).

Defendants here have not even identified the relevant market in which GMA has a purported monopoly and for this reason alone the counterclaim cannot survive. *American Bearing Co., Inc. v. Litton Industries, Inc.*, 729 F.2d 943 (3rd Cir. 1984).

Here, GMA's action in "enforcing the trademark in issue did not create a dangerous probability that the plaintiff would gain monopoly power in the market." *Car-Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82 (N.D.N.Y. 1977). *See also, Direct TV, Inc. v. Lewis*, 2005 WL 1006030 *6 (W.D N.Y. 2005) (trademark and copyright litigation should not

be subject to attack by anti-trust counterclaims).

Even if the counterclaims alleged GMA's market power (which they fatally fail to do) to make out an anti-trust claim, proof of "sham litigation" would be required. *Id.* Proof of Sham litigation is extremely stringent and "must constitute the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269 (S.D.N.Y. 1999) (quoting *Prof. Real Estate v. Columbia Pictures*, 508 U.S. 49, 62 (1993)).

GMA owns incontestable rights to the mark and by any standard clearly has "probable cause" to bring this lawsuit thereby extinguishing the counterclaims. *Hartford Life Ins. Co. v. Variable Annuity Life Ins. Co., Inc.*, 964 F.Supp. 624, 627 (D. Conn. 1997). *See also Twin City Bakery Workers and Welfare Fund v. Astra Aktiebolag*, 207 F.Supp.2d 221, 224 (S.D.N.Y. 2002) (the court can take judicial notice of Judge Swain's well reasoned opinion of August 29 which confirms that GMA's claims are not objectively unreasonable).

Here the defense has simply "recast disputed issues", in their counterclaims, namely the strength of the mark, and such pleading should be dismissed under Rule 12(b)(6). *Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P.*, 139 F.Supp.2d 578, 593 (W.D.N.Y. 2000). Any other rule, would have the effect of encouraging "strike suits" against a trademark owner's efforts to protect its mark. *Id.* at 594. Courts have consistently refused to allow these retaliatory type counterclaims that are pled in a conclusory fashion obviously to intimidate a plaintiff. *Twin City Bakery Workers and Welfare Fund v. Astra Aktiebolag*, 207 F.Supp.2d 221, 223 (S.D.N.Y. 2002) (motions to dismiss sham complaint claims are usually granted "to avoid chilling a litigant's exercise of the right to petition" courts).

## POINT III

### Trademark misuse cannot survive as an Affirmative Defense

"The defense of trademark misuse is a phantom defense". *The Northwestern Corporation, v. Gabriel Manufacturing Co., Inc.*, 48 U.S.P.Q.2d 1902 (N.D.Ill. 1998). The only cases where the term "trademark misuse" has been used as an affirmative defense is in conjunction with an antitrust claim. Such claims only survive motions to dismiss when they successfully plead the "sham litigation" exception to the *Noerr-Pennington* doctrine. *Prof. Real Estate v. Columbia Pictures*, 508 U.S. 49, 62 (1993); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269 (S.D.N.Y. 1999).

The essential elements are that "1) the suit was 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits,' and 2) there was subjective intent to use the litigation to interfere directly with the business relationships of a competitor". *Ty, Inc. v. Publication Intern.*, Ltd., 2004 WL 1588256 (N.D.Ill. 2004) (emphasis supplied).

Each of the 6 pleadings avers that the defendants' goods are "not competitive with GMA's products", and therefore it is respectfully submitted that the affirmative defense cannot succeed. *Id. See Deere & Co. v. MTD Holdings, Inc.*, 2004 WL 1794507 (S.D.N.Y. 2004) ("defense of trademark misuse cannot be sustained").

5

Finally, as a separate and independent basis for dismissing the defense, for the same reasons discussed in Point II infra, it cannot be seriously disputed that GMA has "probable cause" to enforce its rights to the CHARLOTTE mark against CHARLOTTE SOLNICKI and those in the distribution chain of these products.  *See GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y 2007); *Hartford Life Ins. Co. v. Variable Annuity Life Ins. Co., Inc.*, 964 F.Supp. 624, 627 (D. Conn. 1997).  *See also Twin City Bakery Workers and Welfare Fund v. Astra Aktiebolag*, 207 F.Supp.2d 221, 224 (S.D.N.Y. 2002).

Accordingly, defendants cannot as a matter of law achieve either of the 2 prerequisites set forth above to make out an anti trust claim of trademark misuse.

## POINT IV

### The Second and Third Counterclaims Should be Dismissed for Failing to Comply with virtually every aspect of Rule 9(b)

"When the complaint contains allegations of fraud, however, Fed.R.Civ.P. 9(b) requires that 'the circumstances constituting fraud … be stated with particularity.'  We have stated that 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2nd Cir. 1995).  "Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit".  *Id.  See also, O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2nd Cir. 1991)  (Rule 9(b) is designed to "safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect

a defendant against the institution of a strike suit").

In trademark cases, "Rule 9(b) requires that each allegedly fraudulent statement be identified with particularity, and that specific reference be made to the time, location, content and speaker of each statement. In addition, the party alleging fraud must specify in what respects each of the statements were false and misleading, and the factual basis for believing the defendant acted fraudulently and was responsible." *Great Lakes Mink Ass'n v. Furrari, Inc.*, 1987 WL 33592 (S.D.N.Y. 1987) (citing cases). See also *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000); *Kash 'N Gold, Ltd. v. Samhill Corp.*, 1990 WL 196089 (S.D.N.Y. 1990).

The conclusory allegations do not satisfy any of the requirements of Rule 9(b). Further, in its third counterclaim, defendants refer to Charlotte Russe (who GMA had a brief dispute with which resulted in a co-existence agreement); Charlotte Tarantola (which does not hold a registration and which GMA has a proceeding against in the TTAB); and Charlotte Ford (which registration was expired well before GMA's application though it was not officially cancelled until shortly thereafter).

However, defendants do not (and cannot) allege that any of these entities had a "right" to the Charlotte mark that was senior to GMA's which is necessary in order for defendants to allege that GMA committed fraud. See e.g. *King Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F.Supp. 1138 (S.D. Tex. 1982) (defendant must prove that trademark applicant itself believed that other's rights were superior and concealed those rights).

7

## POINT V

### The fraud counterclaims would also fail because they do not allege injury

In addition, defendants have failed to plead essential elements of their fraud claims –

"causation and damages – at all, much less with particularity" which would itself be grounds

for their dismissal.  *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243

(S.D.N.Y. 2000).  *See Kaye v. Grossman*, 202 F.3d 611, 614 (2nd Cir. 2000) (there must be a

loss as a "direct , immediate and proximate result" of the alleged fraud).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the counterclaims be

dismissed along with the affirmative defense of trademark misuse.

Dated: New York, New York
          November 13, 2007

Respectfully submitted,

By:  s/

JOHN P. BOSTANY (JB-1986)
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street
New York, New York
(212) 530-4400

8