45. GMA has a history of attempting to misuse injunctions to intimidate parties to whom they do not apply. In *GMA Accessories, Inc. v. Positive Impressions, Inc.*, 181 F.3d 82 (2d Cir. 1999), the United States Court of Appeals for the Second Circuit affirmed a decision of the United States District Court for the Southern District of New York vacating a preliminary injunction awarded GMA because of GMA's misuse of that injunction by sending it to 2,350 of the defendant's customers in an effort to coerce them to comply with an injunction that did not apply to them.

## FIRST CLAIM FOR RELIEF
## (NON-INFRINGEMENT)

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Because Ronson's apparel, handbags and jewelry are so clearly and prominently marked with the famous CHARLOTTE RONSON mark, confusion on the part of potential purchasers as to the source, origin or sponsorship of the CHARLOTTE RONSON products is not likely.

48. Accordingly, the manufacture, marketing and/or sale by Ronson, its retailers, or other customers, of CHARLOTTE RONSON products is not likely to, and does not, cause confusion as to the source of its products and does not constitute an infringement of the trademark rights of GMA or the GMA CHARLOTTE Marks.

49. GMA has asserted, directly and indirectly, that CHARLOTTE RONSON branded products infringe the GMA CHARLOTTE Marks. GMA's actions in filing three oppositions against Ronson, suing Ronson's distributors and retailers and amending its Complaint in the Solnicki Matter to add more of Ronson's distributors and retailers, and insisting that the

injunctions entered into in that matter applies to CHARLOTTE RONSON merchandise illustrate that Ronson and its customers have a reasonable apprehension of being sued by GMA for trademark infringement and a justiciable controversy exists.

50. The rights of the parties are dependent upon the facts and application of law thereto.

51. Ronson is being damaged by the continued uncertainty created by GMA with respect to the legitimate use of Ronson's trademarks.

52. Accordingly, Ronson is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the manufacture, marketing, offer for sale and/or sale of the CHARLOTTE RONSON merchandise by Ronson and Ronson's customers does not infringe GMA's trademark rights or the GMA CHARLOTTE Marks.

## SECOND CLAIM FOR RELIEF
## (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON TRADEMARK MISUSE)

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. The GMA CHARLOTTE Marks lack significance as single source identifiers. Nevertheless, GMA has continued to sue and threaten to sue companies who use the word CHARLOTTE in connection with other words and continues to sue and threaten to sue retailers for selling said goods. That suits and threatened suits are objectively and subjectively baseless and interposed by GMA with bad faith and the intent to directly injure and harass Ronson's and others' business relationships through the use of governmental process as an anticompetitive weapon. As a result, Ronson has been injured by GMA's actions.

55. Accordingly, Ronson seeks an order, pursuant to 15 U.S.C. §1119, directing cancellation of the federal registrations of the GMA CHARLOTTE Marks.

### THIRD CLAIM FOR RELIEF
### (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON FRAUD)

56. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. In GMA's 8&15 Declarations, trademark applications and Statements of Use, as filed with the U.S. Patent and Trademark Office, GMA declared that it was aware "that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document" and stated unequivocally that "all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

58. GMA, as of the dates of its use-based applications, Statements of Use and/or the Section 8&15 Declarations for the various CHARLOTTE Marks, was not using the marks in connection with all the goods listed in the applications/registrations, despite its sworn and material statements to the contrary. Moreover, the dates of first use set forth in the applications for the GMA CHARLOTTE Marks are fraudulent.

59. GMA knew that its representations were false when made and intended that the U.S. Patent and Trademark Office would rely on its statements to issue its registrations. The U.S. Patent and Trademark Office reasonably relied on GMA's statements in issuing the CHARLOTTE registrations to GMA, causing harm to Ronson and others.

60. The aforesaid acts of GMA constitute fraud on the U.S. Patent and Trademark Office. Accordingly, Ronson seeks an order from the Court directing cancellation of the federal

registrations of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

## FOURTH CLAIM FOR RELIEF
## (CANCELLATION OF THE GMA CHARLOTTE MARKS BASED ON FRAUD)

61. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein.

62. GMA has sued many of Ronson's retailers claiming that their use of CHARLOTTE SOLNICKI infringes upon the GMA CHARLOTTE Marks.

63. As stated above, Charlotte Russe, Charlotte Tarantola and Charlotte Ford, among others, used marks containing "Charlotte" prior to GMA's use of CHARLOTTE.

64. GMA knew, or should have known, of the existence of these prior uses and contends now that they are likely to cause confusion.

65. As part of its applications which led to the CHARLOTTE Marks Registrations, GMA swore to the U.S. Patent and Trademark Office that no one else had the right to use a mark that was likely to cause confusion with its applied-for marks.

66. GMA knew that this statement of material fact was false when made and intended that the U.S. Patent and Trademark Office would rely on its statement to issue its registrations. The U.S. Patent and Trademark Office reasonably relied on GMA's statement in issuing the CHARLOTTE registrations to GMA, causing harm to Ronson and others.

67. The aforesaid acts of GMA constitute fraud on the U.S. Patent and Trademark Office. Accordingly, Ronson seeks an order from the Court directing cancellation of the federal registrations of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

## FIFTH CLAIM FOR RELIEF
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS)

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 above as if fully set forth herein.

69. GMA is knowingly and intentionally interfering with Ronson's business relations by contacting retailers who sell both CHARLOTTE SOLNICKI product and CHARLOTTE RONSON product and using the Solnicki matter to scare and intimidate Ronson's retailers in an obvious attempt to induce those retailers not to do business with Ronson and to injure Ronson's business and reputation.

70. GMA's use of the Solnicki Matter to indirectly affect Ronson's business is wrongful and constitutes a bad faith attempt to harass Ronson's retailers, vendors and customers and to interfere with Ronson's ability to conduct business with those entities.

71. Ronson has been injured by GMA's actions.

72. Accordingly, Ronson seeks a judgment enjoining GMA from contacting, threatening, harassing and/or suing Ronson's customers with false accusations of trademark infringement based on the GMA CHARLOTTE Marks.

73. By reason of the foregoing, Ronson has been damaged in an amount to be determined at trial, together with punitive damages.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW UNFAIR COMPETITION)

74. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 above as if fully set forth herein.

75. By contacting retailers who sell CHARLOTTE RONSON and CHARLOTTE SOLNICKI merchandise and using the Solnicki matter to scare and intimidate Ronson's retailers,

-17-

GMA has knowingly and intentionally misused its trademarks, unfairly competed with Ronson and violated the common law unfair competition law of the State of New York.

76. Accordingly, Ronson seeks a judgment enjoining GMA from unfairly competing with Ronson, threatening Ronson and/or harassing Ronson's customers with threats of trademark infringement action based on their offer for sale and/or sale of CHARLOTTE RONSON merchandise.

77. By reason of the foregoing, Ronson has been damaged in an amount to be determined at trial, together with punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against GMA, as follows:

A. On the First Cause of Action, a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that the manufacture, marketing, offer for sale and/or sale of products or services using the CHARLOTTE RONSON marks by Ronson and Ronson's customers does not infringe GMA's trademark rights and/or the GMA CHARLOTTE Marks;

B. On the Second Cause of Action, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE Marks and to deny GMA's trademark applications for the GMA CHARLOTTE Marks, based on trademark misuse;

C. On the Third Cause of Action, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE Marks and to deny GMA's trademark applications for the GMA CHARLOTTE Marks, based on fraud;

D. On the Fourth Cause of Action, directing the Commissioner of the U.S. Patent and Trademark Office to cancel the federal registrations of the GMA CHARLOTTE Marks and to deny GMA's trademark applications for the GMA CHARLOTTE Marks, based on fraud;

E. On the Fifth Cause of Action for tortious interference with business relations, permanently enjoining GMA from contacting Ronson's customers or threatening Ronson's customers with trademark infringement lawsuits based on their sale of CHARLOTTE RONSON products and awarding Ronson damages in an amount to be determined at trial, together with punitive damages;

F. On the Sixth Cause of Action for common law unfair competition, permanently enjoining GMA from misusing their trademarks, unfairly competing with Ronson, threatening Ronson and/or harassing Ronson's customers with threats of trademark infringement action based on their offer for sale and/or sale of CHARLOTTE RONSON merchandise and awarding Ronson damages in an amount to be determined at trial, together with punitive damages;

G. An award of damages to Plaintiff as a consequence of Defendant's acts of false declarations and/or fraud in obtaining and maintaining trademark registrations in an amount to be determined at trial or such other sum as this Court shall decide;

H. Awarding Ronson reasonable attorney's fees and costs of bringing this Action; and