UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SANEI CHARLOTTE RONSON LLC,

                              Plaintiff,


                                                        Civil Action No.:  07CV9578 (CM)

        - against -

GMA ACCESSORIES, INC.,

                              Defendant.
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


### NATURE OF THE CASE

        Sanei Charlotte Ronson, LLC (hereinafter "SANEI") is an applicant in the U.S.P.T.O. for

the mark CHARLOTTE RONSON with respect to clothing, handbags and other goods.  GMA

Accessories, Inc. has been the registered owner of the mark CHARLOTTE for many years also

with respect to clothing, handbags and other goods.  GMA's CHARLOTTE mark has become

incontestable with respect to the clothing and handbags and has been recognized as a strong

mark with respect to clothing in a recent decision by Hon. Laura Taylor. Swain.  See *GMA v.

BOP*, 507 F.Supp.2d 361 (S.D.N.Y. 2007) (the SOLNICKI case).


        SANEI premises much of its complaint upon accusations of bad faith prosecution of the

SOLNICKI case pending under docket number 07CV3219(LTS), yet SANEI did not mark this

case as related.  Both GMA and SANEI have motions for summary judgment pending in the

Trademark Trial and Appeal Board ("TTAB") where the parties are seeking a determination of

the primary issue, i.e. does SANEI have the right to use CHARLOTTE RONSON.

## FACTS

For a summary of the facts and exhibits, the Court is respectfully referred to the accompanying declaration of Andrew T. Sweeney.

## POINT I

### SANEI has not set forth an actual and immediate threat of a lawsuit and therefore its first claim for Declaratory Judgment Should be Dismissed

Only where a plaintiff has been threatened with federal trademark infringement litigation and where there is a question as to the validity of the trademark registration, may a plaintiff file a federal lawsuit for declaratory judgment. *Moog Controls, Inc. v. Moog, Inc.*, 923 F.Supp. 427, 432 citing 4 J. Thomas McCarthy, McCarthy On Trademarks And Unfair Competition (3d. ed. 1995) Section 32.21(2) at 32-76. "The federal declaratory judgment is not a prize to the winner of a race to the courthouses". *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir. 1978).

"The Second Circuit has held that the filing of an opposition in a trademark registration proceeding 'is not by itself a charge or warning of a future charge of infringement' and therefore does not, without more, create an actual controversy." *Progressive Apparel Group, Inc., v. Anheuser-Busch, Inc.,* 1996 WL 50277 (S.D.N.Y. 1996) (citing *Topp-Cola Co. v. Coca-Cola Co.,* 314 F.2d 124, 125-26 (2d Cir. 1963)).

Here the parties have been perfectly content to litigate in the TTAB where SANEI not too long ago filed a monstrous motion for summary judgment containing thousands of pages of exhibits which we were forced to oppose at great cost to GMA.

The SOLNICKI case cannot be viewed as a direct or indirect threat by GMA to SANEI. Indeed, CHARLOTTE SOLNICKI is an internationally known company whose use of the CHARLOTTE mark was widespread and highly publicized in Hollywood, on the internet and in the media. The fact that GMA will not grant permission for the defendants in the SOLNICKI case to sell CHARLOTTE RONSON goods cannot be viewed as a threat of imminent litigation upon SANEI.    *See Progressive Apparel Group, Inc., v. Anheuser-Busch, Inc., supra* (maintaining that there is confusion between two marks does not constitute immediate threat).

GMA should not be forced to duplicate its efforts in another proceeding where, as here, it has not placed SANEI in imminent jeopardy of being sued and the matter is fully briefed before the TTAB. This Court is afforded ample discretion in its decision of whether to exercise jurisdiction. *See e.g. Bausch & Lomb Inc. v. CIBA*, 39 F.Supp.2d 271, 274-75 (W.D.N.Y. 1999) (String Citing)("even if there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction rests within the sound discretion of the district court").    Accordingly, it is respectfully requested that the Court decline to exercise declaratory jurisdiction here.

**POINT II**

**"Trademark misuse" is not a cause of action and this claim should be dismissed**

SANEI's second claim alleges "trademark misuse." However, courts that have addressed the issue have consistently held that "trademark misuse" is not a cognizable affirmative claim and should be dismissed. See e.g. *Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F.Supp.2d 516, 521 (E.D. Michigan 2004) ("the court declines to announce or create an independent cause of action for trademark misuse"); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 830 (E.D. Virginia 2001) ("plaintiff concedes that trademark misuse is only an affirmative defense, not an independent cause of action"); *Whitney Information Network, Inc. v. Gagnon,*

353 F.Supp.2d 1208 (M.D. Florida 2005) ("no authority in the Eleventh Circuit or elsewhere allowing trademark misuse as an independent unfair competition cause of action").

## POINT III

### The Third and Fourth Claims Should be Dismissed for Failing to Comply with virtually every aspect of Rule 9(b)

"When the complaint contains allegations of fraud, however, Fed.R.Civ.P. 9(b) requires that 'the circumstances constituting fraud … be stated with particularity.' We have stated that 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2nd Cir. 1995). "Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit". *Id. See also, O'Brien v. National Property Analysts Partners*, 936 F.2d 674 (2nd Cir. 1991) (Rule 9(b) is designed to "safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit").

In trademark cases, "Rule 9(b) requires that each allegedly fraudulent statement be identified with particularity, and that specific reference be made to the time, location, content and speaker of each statement. In addition, the party alleging fraud must specify in what respects each of the statements were false and misleading, and the factual basis for believing the defendant acted fraudulently and was responsible." *Great Lakes Mink Ass'n v. Furrari, Inc.*, 1987 WL 33592 (S.D.N.Y. 1987) (citing cases). See also *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000); *Kash 'N Gold, Ltd. v. Samhill Corp.*, 1990 WL

196089 (S.D.N.Y. 1990).

The conclusory allegations do not satisfy any of the requirements of Rule 9(b). SANEI refers to Charlotte Russe (who GMA had a brief dispute with which resulted in a co-existence agreement); Charlotte Tarantola (which does not hold a registration and which GMA has a proceeding against in the TTAB); Charlotte Corday (which defaulted in a TTAB proceeding brought by GMA); and Charlotte Ford (which registration was expired well before GMA's application though it was not officially cancelled until shortly thereafter).

However, SANEI does not (and cannot) allege that any of these parties had a "right" to the CHARLOTTE mark that was senior to GMA's and that GMA believe that this right was superior, both of which must be pled in order for plaintiff to properly allege that GMA committed fraud.  See e.g. *King Size, Inc. v. Frank's King Size Clothes, Inc.*, 547 F.Supp. 1138 (S.D. Tex. 1982) (defendant must prove that trademark applicant itself believed that other's rights were superior and concealed those rights).

Accordingly both fraud claims should be dismissed.


## POINT IV

### The fraud claims would also fail because they do not allege injury

In addition, SANEI has failed to plead essential elements of their fraud claims – "causation and damages – at all, much less with particularity" which would itself be grounds for their dismissal.  *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000).  *See Kaye v. Grossman*, 202 F.3d 611, 614 (2nd Cir. 2000) (there must be a loss as a "direct , immediate and proximate result" of the alleged fraud).  Here SANEI fails to allege how the fraud that it failed to plead caused injury to SANEI.

**POINT V**

**Sanei's 2d, 3d and 4th claims would not be able to be brought in any event because they lack jurisdiction**

"The court is without jurisdiction to hear a 15 U.S.C. Section 1119 claim when there is no other justiciable controversy between the parties involving the defendant's mark." *Thomas & Betts Corp.*, 48 F. Supp.2d 1088 (N.D. Ill. 1999). *See also Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 874 (3d Cir. 1992) (Section 37 (15 U.S.C. 1119) is not intended "to provide a cancellation remedy in the absence of an underlying basis of jurisdiction.").

Judge Curtin from the Western District of New York had occasion to analyze a situation where a defendant had "neither filed nor threatened a federal lawsuit" based on a registered trademark but an action was nevertheless initiated against it for cancellation pursuant to 15 U.S.C. 1119. *Moog Controls, Inc. v. Moog, Inc.* 923 F.Supp. 427, 431 (W.D.N.Y. 1996). Even though the defendant in that case had a federally registered trademark which plaintiff sought to cancel pursuant to the statute, in dismissing for lack of subject matter jurisdiction, Judge Curtin noted,

> [T]he provisions of Section 1119 granting the Court authority to determine the right to registration and order cancellation assume a properly instituted and otherwise jurisdictionally supported action involving a registered trademark. Universal Sewing Machine Co. v. Standard Equipment Corp., 185 F.Supp. 257 (S.D.N.Y. 1960). In other words, when seeking cancellation offensively and relying solely upon that claim for federal jurisdiction would seem to be relegated to first exhausting his administrative remedies before resorting to the Courts. Such a situation, exemplified by the instant action, must be distinguished from the cases where there is present some independent basis of federal jurisdiction, and wherein the validity of a registered trademark is brought into issue, for example, by way of defense or counterclaim. Id. at 259.

*Moog Controls, Inc. v. Moog, Inc., supra.*

Here Sanei seeks to use 15 U.S.C. 1119 offensively in its second, third and fourth claims and as such they lack federal jurisdiction.

## POINT V

### SANEI has not set forth a claim for unfair competition

"The gravamen of a claim of unfair competition is a bad faith misappropriation of a commercial advantage belonging to another by infringement or dilution of trademark or trade name or by exploitation of proprietary information or trade secrets." *Frink America, Inc. v. Champion Road Machinery Limited,* 62 F.Supp.2d 679, 685 (N.D.N.Y. 1999). SANEI's sixth claim does not even allege that GMA infringed a trademark or trade name and therefore this claim should be dismissed.

## POINT VI

### The plaintiff's only remaining claim (fifth claim) lacks federal jurisdiction

The fifth claim is the only claim that is pled adequately in SANEI's complaint is one for relief under state law, i.e. tortious interference with prospective economic relations. [1] Inasmuch as diversity is lacking between the parties, this claim cannot survive.

Dismissal of pendant state claims pursuant to Fed.R.Civ.P. 12(b)(1) is proper where the claimant has no other grounds for federal jurisdiction. *United Mine Workers of America v. Gibbs,* 385 U.S. 715, 726, 86 S.Ct.. 1130, 16 L.Ed.2d 218 (1966); *In Re Merrill Lynch, Ltd. Partnerships Litigation,* 154 F.3d 56, 61 (2d Cir. 1998); *Keith v. Black Diamond Advisors, Inc.,* 48 F.Supp.2d 326, 335 (S.D.N.Y. 1999).

---

[1] This claim is patently frivolous because it wildly accuses GMA of suing retailers of CHARLOTTE SOLNICKI merchandise specifically in order to injure CHARLOTTE RONSON rather than to protect the CHARLOTTE mark.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested the first and fifth claims be dismissed for lack of jurisdiction; that the second, third, fourth and sixth claims be dismissed for failure to state a claim and lack of jurisdiction; and that the complaint herein be dismissed in its entirety.

Dated: New York, New York
November 19, 2007

Respectfully submitted,

THE BOSTANY LAW FIRM

By:_____
Andrew T. Sweeney (AS 0724)
Attorneys for Defendant
40 Wall Street, 61st Floor
New York, N.Y. 10005
(212) 530-4400