UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
SANEI CHARLOTTE RONSON LLC,                :
                                            :   Civil Action No.
            Plaintiff,                      :   07 CV 9578 (CM)
                                            :
    -against-                               :
                                            :
                                            :
GMA ACCESSORIES, INC.,                      :
                                            :
            Defendant.                      :
-----------------------------------------------------------------x

## DECLARATION OF IRA S. SACKS

IRA S. SACKS declares as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of the firm of Dreier LLP, attorneys for Plaintiff, Sanei Charlotte Ronson LLC ("Ronson").[1] I submit this declaration in support of Plaintiff's opposition to defendant GMA Accessories, Inc.'s ("GMA") Motion to Dismiss (the "Motion").

2. Other than as expressly set forth herein, the matters contained herein are based on my personal knowledge and my direct involvement in this action.

3. On October 8, 2004, C. Ronson filed an application to register CHARLOTTE RONSON as a federal trademark in International Class 25 for use in connection with clothing, namely, tops, pants, skirts, dresses, hats, caps, jackets, coats, headwear, underwear, sleepwear,

---

[1] CHARLOTTE RONSON merchandise was sold by C. Ronson until 2006. On March 2, 2006, C. Ronson, Inc. assigned its rights to the CHARLOTTE RONSON Marks, among others, to Sanei Charlotte Ronson, LLC (defined above as "Ronson"), a joint venture in which the individual Charlotte Ronson holds a significant equity interest. The assignments of the pending trademark applications were recorded with the USPTO on April 14, 2006.

1

and footwear (Serial No. 78/507,236). On October 28, 2004, C. Ronson filed an application to register CHARLOTTE RONSON as a federal trademark in International Class 18 for use in connection with handbags, wallets, luggage, backpacks, travel bags, and cosmetic cases sold empty (Serial No. 78/507,248). On October 11, 2005, C. Ronson filed an application to register CHARLOTTE RONSON as federal trademark in International Class 14 for use in connection with jewelry, namely, necklaces, bracelets, earrings, rings, pins, and watches (Serial No. 78/507,242). These three trademark applications (for Classes 14, 18 and 25) and all common law rights associated with the use of the CHARLOTTE RONSON mark are collectively referred to herein as the "CHARLOTTE RONSON Marks".

4. On February 28, 2005, GMA's counsel sent a cease and desist letter to C. Ronson, Inc., threatening that Ronson's failure to cease using the trademark CHARLOTTE RONSON would subject it to liability and damages, including attorneys' fees. A true and correct copy of that letter is attached hereto as Exhibit A.

5. On March 25, 2005, my partner, Steven R. Gursky, replied to GMA's cease and desist letter. A true and correct copy of Mr. Gursky's response is attached hereto as Exhibit B.

6. On March 30, 2005, GMA's counsel responded to Mr. Gursky's letter. A true and correct copy of that letter is attached hereto as Exhibit C.

7. Based on its federal registrations, GMA opposed C. Ronson's applications for the mark CHARLOTTE RONSON in Class 14 on October 31, 2005 (Opposition No. 9167353), Class 25 on December 20, 2005 (Opposition No. 91168148) and Class 18 on July 31, 2006 (Opposition No. 91172117). These oppositions have all been consolidated under Opposition No. 91167353 (the "Opposition") before the Trademark Trial and Appeal Board (the "TTAB").

8.      The Opposition has been a contentious one.  First, GMA moved for summary judgment arguing that the TTAB should refuse to register the CHARLOTTE RONSON Marks as a matter of law.  On November 6, 2006, the TTAB denied GMA's motion for summary judgment, noting the numerous other brands in fashion share common personal names: "applicant's evidence of third-party registrations that share a common name in the fashion industry raises a genuine issue of material fact regarding the perception of prospective consumers of applicant's and opposer's marks."  *See GMA Accessories, Inc. v. Sanei Charlotte Ronson, LLC*, Opposition No. 91167353 (TTAB Nov. 6, 2006).  A true and correct copy of this decision is attached hereto as Exhibit D.

9.      During the course of the Opposition, GMA has alleged that the sale of goods bearing the CHARLOTTE RONSON Marks infringes GMA's Marks -- that is, that it will make it likely that consumers will not be able to distinguish between the marks.  *See* GMA's Brief in Opposition to Ronson's Motion for Summary Judgment, dated May 23, 2007, at pg. 7, a copy of which is attached hereto as Exhibit E.

10.     GMA has even asserted that Ronson should be enjoined from changing the brand of its clothing line from C. Ronson, the mark it originally used, to Ms. Ronson's full name, CHARLOTTE RONSON.  Attached hereto as Exhibit F is a copy of Andrew Sweeney's Supplemental Declaration, dated September 27, 2007, wherein GMA asserts that Ronson should be enjoined from changing the brand of its line to CHARLOTTE RONSON.

11.     The Opposition is ongoing.  Ronson's motion for summary judgment, Ronson's Motion to Compel and GMA's Motion for Reconsideration are all currently pending before the TTAB.

12. In its Motion, GMA improperly states that both GMA and Ronson have summary judgment motions pending in the TTAB where the parties are seeking a determination of the primary issue, i.e. does Ronson have the right to use CHARLOTTE RONSON. *See* GMA's Memorandum of Law in Support of Defendant's Motion to Dismiss ("GMA's Memo"), at 1. This statement is factually incorrect for two reasons. First, the primary issue in the TTAB proceeding is not whether Ronson can use her name, CHARLOTTE RONSON on her goods (that is the issue in this case), rather the issue in the TTAB proceeding is whether Ronson can obtain a federal trademark registration for the mark CHARLOTTE RONSON as a trademark. The TTAB has no authority to limit Ronson's use of the CHARLOTTE RONSON trademark in commerce, nor will it decide if Ronson's use of the mark CHARLOTTE RONSON infringes on GMA's marks. Second, as stated above, GMA does not currently have a motion for summary judgment pending; GMA merely has a Motion for Reconsideration pending. The TTAB denied GMA's motion for summary judgment on November 6, 2006 (a copy of which is previously attached hereto as Exhibit D) and GMA's Motion for Reconsideration has been pending since November 29, 2006.

13. In *GMA Accessories, Inc. v. Croscill, Inc.*, No. 06 Civ. 6236, 2007 WL 766294 (S.D.N.Y. March 13, 2007), Judge Lynch denied GMA's motion for summary judgment in another lawsuit based on GMA's CHARLOTTE Marks. In that decision, Judge Lynch found:

> GMA has presented no evidence regarding consumer recognition of the [CHARLOTTE] mark as indicating origin of the goods. A factfinder could reach differing conclusions, based on the limited record before the Court, as to whether the parties even utilize 'Charlotte' as a designator of origin, as opposed to simply as a style name, let alone whether the public recognizes it as such … Nor has GMA presented evidence that the mark is heavily advertised, or other evidence from which its prominence in the marketplace may be inferred ….

4

> Indeed, [GMA's] showing is sufficiently weak that this Court cannot fairly conclude that it is likely to prevail on the merits.

*Id.* at * 2-3. A true and correct copy of Judge Lynch's decision is attached hereto as Exhibit G.

14. On April 20, 2007, GMA filed a lawsuit in the Southern District of New York entitled *GMA Accessories, Inc. v. Bop, LLC, Girlshop, Inc., Showroom Seven Studios, Inc., Jonathan Solnicki, Belmondo and Eminent, Inc.,* 07 CV 3219 (LTS)(DCF), based on the use of the CHARLOTTE SOLNICKI mark (the "Solnicki Matter"). Jonathan Solnicki originally defaulted in that case, but has since filed a motion to set aside that default judgment.

15. GMA has attempted to use that default judgment order to stop retailers, including Ronson's retailers, from selling products using the name CHARLOTTE in any form, including CHARLOTTE RONSON. Indeed, GMA has even attempted to overstate the importance of the default judgment order in its Motion. Specifically, GMA states that "GMA's CHARLOTTE mark has become incontestable with respect to clothing and handbags and has been recognized as a strong mark with respect to clothing in a recent decision by Hon. Laura Taylor Swain. *See GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y. 2007)". *See* GMA Memo, at 1. GMA fails to disclose the fact that this decision was a default judgment order.

16. Moreover, GMA's CHARLOTTE Marks lose their incontestability if GMA's acts in procuring such trademarks were fraudulent, as is the case herein.

17. GMA has also recently sent cease and desist letters to other Ronson customers, including Blue Fly, Inc. It is likely that these customers will soon be sued by GMA as well. A true and correct copy of the cease and desist letter that was sent to BlueFly.Com is attached hereto as Exhibit H.

18. GMA also states in its Motion that Ronson did not mark this case as a related case with the Solnicki Matter. Although GMA does not ask for relief in this regard, Ronson feels it is necessary to address why it did not mark the cases as related.

19. The issues in this case differ from those in the Charlotte Solnicki case – this case seeks a declaratory judgment of non-infringement with respect to the mark CHARLOTTE RONSON. The Solnicki Matter concerns another mark entirely, CHARLOTTE SOLNICKI. Ronson is not a party to the Solnicki Matter, and the CHARLOTTE RONSON Marks are not at issue in that case. Moreover, additional cases relating to the GMA CHARLOTTE Marks are currently being litigated in this District before Judge Stein and Judge Lynch, namely, *Jimlar Corp. d/b/a The Frye Co. v. GMA Accessories, Inc.*, 07 No. 07 Civ. 8622 (SHS) and *GMA Accessories, Inc. v. Croscill, Inc., et al.*, No. 06 Civ. 6236(GEL). GMA is extremely litigious; however, every case concerning the GMA CHARLOTTE Marks is not a related case. Indeed, GMA attempted to get the Solnicki Matter entered as a related case to the Croscill matter; but, Judge Lynch denied this request.

20. Attached hereto as Exhibit I is a Proposed Amended Complaint setting forth Ronson's fraud claims in further detail and specifying the monetary damages Ronson has sustained as a result of GMA's fraudulent actions.

Dated:  New York, New York
       December 3, 2007

                                        /s/ Ira S. Sacks
                                        Ira S. Sacks