# Exhibit D

> **THIS DISPOSITION**
> **IS NOT CITABLE AS PRECEDENT**
> **OF THE T.T.A.B.**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Lykos

Mailed:  November 6, 2006

Opposition No. 91167353
Opposition No. 91168148
Opposition No. 91172117[1]

GMA Accessories, Inc.

v.

Sanei Charlotte Ronson,
LLC, joined as party
defendant and C. Ronson,
Inc.[2]

(as consolidated)

Before Hohein, Holtzman, and Zervas, Administrative
Trademark Judges.

By the Board:

    This case now comes up for consideration of opposer's

motion (filed June 22, 2006) for summary judgment in

---

[1]  The parties' stipulation (filed August 30, 2006) to
consolidate Opposition No. 91172117 with Opposition Nos. 91167353
and 91168148 is hereby granted.  By this order, Opposition No.
91172117 has been added to these consolidated proceedings.  *See*
TBMP § 511 (2d ed. rev. 2004).  All future communications with
the Board should be captioned in the above manner.

[2]  According to the records of the Assignment Branch of the
Trademark Office, the applications which are the subject of this
consolidated opposition proceeding were assigned to Sanei
Charlotte Ronson, LLC.  As such, Sanei Charlotte Ronson, LLC
has been joined in this proceeding as a defendant in order to
facilitate discovery.  *See* TBMP § 512.01 (2d ed. rev. 2004).
Evidence of the assignments was recorded at Reel 3290, Frame 0027
of the Assignment Branch on April 14, 2006.

Opposition Nos. 91167353 and 91168148.[3]   The motion is
fully briefed.[4]

By way of background, on October 28, 2004, applicant
filed two separate applications to register the mark
CHARLOTTE RONSON for "jewelry, namely, necklaces, bracelets,
earrings, rings, and pins, and watches" in International
Class 14, and "clothing, namely, tops, pants, skirts,
dresses, hats, caps, jackets, coats, headwear, underwear,
sleepwear, and footwear" International Class 25.[5]  Both
applications are based on an alleged bona fide intention to
use the mark in commerce.

Opposer has opposed registration on the ground that
applicant's applied-for marks so resemble opposer's
previously used and registered marks that they are likely to
cause confusion, mistake, or deceive prospective consumers
under Section 2(d) of the Lanham Act.  In the notices of
opposition, opposer has pleaded ownership of the following
registered marks:

> The mark CHARLOTTE for "hair accessories, namely,
> hair clips, scrunchees, ribbons and braids" in
> International Class 26;[6]

---

[3]   The parties' stipulation (filed July 6, 2006) to extend
applicant's time to file a responsive brief to opposer's motion
for summary judgment is granted.  Applicant's responsive brief
filed on August 4, 2006 is therefore timely, and has been given
full consideration by the Board.

[4]   The Board has exercised its discretion to consider opposer's
reply brief.  See Trademark Rule 2.127(a).

[5] Application Serial Nos. 78507236 and 78507242.

the mark CHARLOTTE for "sacks and bags, namely, handbags made of textiles and beads" in International Class 18;[7]

the mark CHARLOTTE for "clothing, footwear and headgear, namely, hats, scarves, gloves and socks" in International Class 26;[8]

the mark CHARLOTTE for "sunglasses" in International Class 9;[9]

the mark CHARLOTTE AND FRIENDS for "clothing, footwear and headgear, namely, hats, scarves, gloves and socks" in International Class 9;[10]

the mark CHARLOTTE AND FRIENDS for "sacks and bags, namely, namely, handbags made of textiles and beads" in International Class 18;[11]

the mark CHARLOTTE AND FRIENDS for "toys, namely plush animals" in International Class 28;[12]

---

[6] Registration No. 2216405, registered on January 5, 1999, alleging November 1996 as the date of first use anywhere and in commerce; Section 8 and 15 affidavits accepted and acknowledged.

[7] Registration No. 2217341, registered on January 12, 1999, alleging November 1996 as the date of first use anywhere and in commerce; Section 8 and 15 affidavits accepted and acknowledged.

[8] Registration No. 2535454, registered on February 5, 2002, alleging November 15, 1996 as the date of first use anywhere and in commerce.

[9] Registration No. 2561025, registered on April 16, 2002, alleging November 15, 1996 as the date of first use anywhere and in commerce.

[10] Registration No. 2412360, registered on December 12, 2000, alleging November 15, 1996 as the date of first use anywhere and in commerce; Section 8 and 15 affidavits accepted and acknowledged.

[11] Registration No. 2412361, registered on December 12, 2000, alleging November 15, 1996 as the date of first use anywhere and in commerce.

[12] Registration No. 2444120, registered on April 17, 2001, alleging November 15, 1996 as the date of first use anywhere and in commerce.

the mark CHARLOTTE AND FRIENDS for "cosmetics, namely, perfume, lip gloss, and hair lotions" in International Class 3;[13] and

the mark CHARLOTTE AND FRIENDS for "sunglasses" in International Class 9.[14]

In each answer, applicant denied the salient allegations and asserted various affirmative defenses. We now review the parties' respective arguments.

In its motion for summary judgment, opposer argues that opposer's and applicant's marks are similar insofar as each mark includes the name CHARLOTTE, and that the goods as identified in the parties' respective applications and registrations are related.[15]

In support of its motion for summary judgment, opposer

---

[13]    Registration No. 2412362, registered on December 12, 2000, alleging November 15, 1996 as the date of first use anywhere and in commerce.

[14]    Registration No. 2682145, registered on February 4, 2003, alleging November 15, 1996 as the date of first use anywhere and in commerce.

[15]    Opposer also argues in its motion for summary judgment that applicant is attempting to pass off purportedly counterfeited products as opposer's goods. Aside from the fact that opposer has not pleaded such a claim and therefore may not obtain summary judgment with respect thereto, the Board in any event does not have jurisdiction to decide claims regarding counterfeited goods under the Lanham Act. As such, opposer's arguments regarding such a claim have been given no further consideration.

has submitted the declaration of Mr. John P. Bostany,
counsel for opposer, with copies of opposer's pleaded
registrations showing that opposer is the owner and that the
registrations are subsisting, and copies of advertisements
showing use of opposer's marks attached as exhibits
thereto.[16]

In its responsive brief, applicant contends that
genuine issues of material fact exist regarding the
similarity of the parties' marks; that in the fashion
industry, it is common for designers to have the same first
or last name as other designers; and that the term CHARLOTTE
is in a crowded field of marks because numerous third-party
registrations for marks incorporating the term CHARLOTTE
coexist on the Principal Register for the same or highly
related goods.

In support of its position, applicant has submitted the
declaration of Ms. Charlotte Ronson, a fashion designer who
markets her products under her name, stating that the
trademark CHARLOTTE RONSON is well-known in the fashion
industry; that she does not use her first name Charlotte

---

[16] The Board also notes that opposer has enclosed portions of the
record (the pleadings in Opposition Nos. 91167353 and 91168148)
in this proceeding as exhibits in support of its motion for
summary judgment. Opposer is reminded that these papers, by
their very nature, already form part of the record in this
proceeding. Accordingly, opposer is requested to refrain from
attaching portions of the record to future filings.

separately from her last name as a trademark in marketing
her goods; that it is common in the fashion industry for
designers to have the same first or last name as other
designers and use those names as trademarks; and that she is
also aware of other fashion designers who use the name
Charlotte in marketing their products (for example,
Charlotte Russe).  Attached as exhibits to Ms. Ronson's
declaration are copies of applicant's customer phone list
and copies of advertisements using the mark CHARLOTTE
RONSON.  Applicant has also submitted the declaration of Ms.
Mary L.Grieco, counsel for applicant, with copies of third-
party registrations for marks that share a common name in
the fashion industry (e.g., GIORGIO BEVERLY HILLS, GIORGIO
ARMANI, GIORGIO COSANI; RALPH LAUREN, LAUREN LEE, LAUREN
GUINOT) and copies of third-party registrations for marks
incorporating the name CHARLOTTE for related goods (e.g.,
CHARLOTTE RUSSE).

   In reply, opposer argues that because during *ex parte*
examination the examining attorney initially refused
registration of one of applicant's marks under Section 2(d)
of the Trademark Act on the basis of two of opposer's
pleaded registrations, summary judgment should be granted in
opposer's favor.

Summary judgment is an appropriate method of disposing of cases in which there are no genuine issues of material fact in dispute, thus leaving the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(c). A party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548 (1986).

Upon careful consideration of the arguments and evidence presented by the parties, and drawing all inferences with respect to the motion in favor of applicant as the nonmoving party, we find that opposer has failed to demonstrate the absence of a genuine issue of material facts for trial. At a minimum, genuine issues of material fact exist as to the similarity or dissimilarity of the commercial impressions of the marks at issue and the strength of opposer's pleaded marks and applicant's applied-for marks.[17]  In addition, applicant's evidence of third-party registrations that share a common name in the fashion

---

[17] Even if we disregard the third-party registrations submitted by applicant incorporating the term CHARLOTTE and which refer to a geographic designation (e.g., registrations for the marks CHARLOTTE STING and UNC CHARLOTTE), and the registrations which have been cancelled or are currently subject to an *inter partes* case, a sufficient number of third party registrations remain to create a genuine issue of material fact regarding the strength of the name CHARLOTTE in relation to the parties' goods.

industry raises a genuine issue of material fact regarding

the perception of prospective consumers of applicant's and

opposer's marks.

Lastly, we reject opposer's argument that the Board should defer to the examining attorney's initial refusal of one of applicant's applications under Section 2(d). The examining attorney's determination made during *ex parte* examination has no bearing in this Board *inter partes* case.

Accordingly, opposer's motion for summary judgment is denied.[18]

Proceedings herein are resumed and trial dates, including the period for discovery, are reset as follows:[19]

| | |
|---|---|
| THE PERIOD FOR DISCOVERY TO CLOSE: | 2/16/07 |
| 30-day testimony period for party in position of plaintiff to close: | 5/17/07 |
| 30-day testimony period for party in position of defendant to close: | 7/16/07 |
| 15-day rebuttal testimony period for plaintiff to close: | 8/30/07 |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served

---

[18] The parties should note that all evidence submitted in support of and in opposition to the motion for summary judgment is of record only for consideration of said motion. Any such evidence to be considered in final hearing must be properly introduced in evidence during the appropriate trial periods. *See Levi Strauss & Co. v. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993); and *Pet Inc. v. Bassetti,* 219 USPQ 911 (TTAB 1983).

[19] Under standard Board practice, the schedule for these consolidated cases is reset to reflect the schedule of the most recently filed case.

on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.