UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SANEI CHARLOTTE RONSON LLC,

          Plaintiff,

          Civil Action No.: 07CV9578 (CM)(DCF)

- against -

**PROTECTIVE ORDER**

GMA ACCESSORIES, INC.,

          Defendant.
-------------------------------------------------------X

      To expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), and based on the stipulation between the parties (the "Parties") in this action, Defendant GMA Accessories ("Defendant"), Inc. and Plaintiff Sanei Charlotte Ronson LLC ("Plaintiff"), the Court makes the following findings:

GOOD CAUSE STATEMENT

    A.   During the discovery process in this case, it is expected that the Parties will disclose information and/or materials that are confidential and/or commercially sensitive in nature.

    B.   A protective order will enable the Parties to expedite the discovery process, to protect confidential information from

public disclosure, and resolve disputes over confidentiality promptly.

C. The Court finds that this Protective Order, allowing producing Parties to designate material as containing confidential information subject to objection by the requesting Parties, and maintaining with the producing Party the burden of proving that good cause exists for the confidential designation, is the least restrictive alternative to protect against any harm that may result from the dissemination of these documents absent this Protective Order. The Court further finds that the Protective Order strikes the proper balance between the legitimate interests of the Parties to the protection of their confidential materials, the discovery and use in this litigation of the materials requested and produced, and the legitimate interests of non-parties in the dissemination and use of discovery material.

**IT IS HEREBY ORDERED:**

1. The terms and conditions of this Protective Order shall apply to documents or things produced under FED.R.CIV.P. 34, responses to written interrogatories under FED.R.CIV.P. 33, responses to requests for admissions under FED. R.CIV.P. 36, testimony adduced at depositions upon oral examination or upon written request pursuant to FEDR.CIV.P. 30 and FED.R.CIV.P. 31 (hereinafter referred to collectively as "Discovery Material"), responses by a non-party to a subpoena pursuant to FED.R.CIV.P. 45 and documents produced by a Party at a hearing on the case but which are not responsive to a request from the other Party.

deposition claimed to contain confidential information. Testimony designated confidential by stamping the transcript shall not be considered confidential until the stamped transcript is delivered to opposing counsel.

7. If a Party believes that inspections, measuring, testing, sampling or photographing of its processes, products, equipment, premises or other property pursuant to FED. R. CIV. P. 34 will reveal or disclose information that it deems in good faith to be Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material, that Party shall advise the Party seeking such discovery in advance, and the inspection, measuring, testing, sampling or photographing will be performed only by individuals qualified under this protective order to receive such information. The material discovered shall be treated as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material in accordance with the producing Party's designation.

   a. If a Party inadvertently produces Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material without labeling or marking it with the appropriate legend, the producing Party, promptly upon discovery of the inadvertent production without proper labeling, may promptly give written notice to the receiving Party that the Discovery Material is Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material

      d.  Nothing in this Protective Order shall be construed to require production or disclosure of any Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material deemed by counsel for the Party possessing such material to be absolutely immune from discovery. Likewise, nothing in this Protective Order shall preclude any Party from moving the Court for an order directing the disclosure of such material.

8.  Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall not be used by any person for any purpose other than the prosecution or defense of this action, and shall not be used for any business, competitive, personal or any other purpose, except upon the express prior written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of another court tribunal of competent authority. Such material shall not be used by the receiving Party in any other litigation or proceeding, including any proceeding before the United States Patent and Trademark Office, the United States Copyright Office and foreign patent offices, except upon the express written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of the court or tribunal in which such other litigation or proceeding is pending. Notwithstanding the foregoing, such material may be used in the following cases: 1) *GMA Accessories, Inc. v. Eminent, et al.*, 07 Civ 3219(LTS)(DCF); and 2) the consolidated opposition proceeding entitled, *GMA Accessories, Inc. v. C.*

*Ronson, Inc.*, Opposition No. 91167353 (collectively referred to as the "Pending GMA Actions").

    a. The receiving party need not treat the material claimed to be inadvertently disclosed as confidential until and unless the receiving party receives copies of the material marked in accordance with the Order. At that point the receiving party must destroy or discard the copies of that material previously received.

9. Use at trial of such Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall be governed by the pretrial order or as otherwise directed by the Court.

10. Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the requirements of paragraph 9 herein, access to and disclosure of Confidential Material or Highly Confidential Material shall be limited to:

    a. Outside Counsel for the Parties who have entered appearances in this action or the other actions set forth in Paragraph 8 above, their stenographic, clerical and paralegal employees and outside copy services;

    b. Inside counsel employed by a Party, their stenographic, clerical and paralegal employees;

    c. Non-employee experts for or non-employee consultants to a Party ("outside experts") whose advice

and consultation are being or will be used by the Party in connection with this action or the other actions set forth in Paragraph 8 above, including their stenographic or clerical employees;

    d.   The Parties to this action or the other actions set forth in Paragraph 8 above, including officers, directors, board members and representatives;

    e.   The authors, addressees and copy recipients of the Confidential Material or Highly Confidential Material;

    f.   The Court and its staff and, if applicable, the jury; and

    g.   Court reporters transcribing any deposition, hearing or trial in this action.

11.   Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the requirements of paragraph 9 herein, access to and disclosure of Attorneys' Eyes Only Material shall be limited to:

    a.   Outside Counsel for the Parties, their stenographic, clerical and paralegal employees and outside copy services;

    b.   Non-employee experts for or non-employee consultants to a Party whose advice and consultation are being or will be used by the Party in connection with this action or the other actions set forth in Paragraph 8 above, and their stenographic or clerical employees;

      c.    The authors, addressees and copy recipients of the Attorneys' Eyes Only Material;

      d.    All stenographic, clerical, technical, professional and paralegal personnel employed with qualified persons;

      e.    The Court and its staff and, if applicable, the jury; and

      f.    Court reporters transcribing any deposition, hearing or trial in this action or the other actions set forth in Paragraph 8 above.

12.    Any person in possession of Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material shall exercise reasonable and appropriate care with regard to storage, custody, and use of such material in order to ensure that the confidential nature of the same is maintained.

13.    Should Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material be discussed, disclosed or used as an exhibit at a deposition, the portions of the deposition at which such material is discussed, disclosed or used as an exhibit shall be conducted only in the presence of persons entitled under the terms of this Protective Order to access to such material.

14.    Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material may be included in whole or in part with any papers filed with the Court, including, without limitation pleadings, motions or briefs. Papers marked ATTORNEYS' EYES ONLY shall be filed with the Clerk of this Court

18. Any material which came into the possession of a Receiving Party by lawful means prior to its disclosure by the Producing Party or that comes into the possession of such Receiving Party through means not constituting a breach of this Stipulation and Order, need not be treated as Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material by that Receiving Party under the terms of this Stipulation and Order.

19. No part of the restrictions imposed by the Stipulation may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, subject to the approval by the Court, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon conclusion of this case, but instead shall survive its termination, and shall continue until further Order of this Court.

20. The Parties agree that this Protective Order is binding upon execution by the parties irrespective of when it is entered by the Court.

_____
Ira S. Sacks, Esq.
Dreier LLP
Attorneys for Plaintiff
SANEI CHARLOTTE RONSON LLC
499 Park Avenue
New York, NY 10022

_____
Ronald I. Paltrowitz
The Bostany Law Firm
Attorneys for Defendant
GMA ACCESSORIES, INC.
40 Wall Street, 61st Floor
New York, NY 10005

The terms of the parties stipulation are adopted as an Order, except that any application to maintain the confidentiality of any documents or information at trial shall be made to the trial judge.

SO ORDERED:   DATE: 3/5/08

_____
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

14



So Ordered: _____

U.S.M.J.