UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANEI CHARLOTTE RONSON LLC,

              Plaintiff,

  - against -                                  Civil Action No.: 07CV9578 (CM)

GMA ACCESSORIES, INC.,            **ANSWER TO AMENDED**
                                                     **COMPLAINT**

              Defendant,
------------------------------------------------------------X

      Defendant, GMA Accessories, Inc. (hereinafter "GMA"), by its attorneys, The Bostany Law Firm, for its Answer to the Amended Complaint herein against the Plaintiff, Sanei Charlotte Ronson (hereinafter "SANEI"), states as follows:

### NATURE OF THE ACTION

      1.    GMA denies the allegations set forth by SANEI and further alleges that SANEI has brought this action in bad faith, three years after the commencement of an opposition proceeding currently pending before the Trademark Trial and Appeal Board ("TTAB") in an improper attempt to overwhelm GMA so that SANEI may profit by its decision to change its mark from C. Ronson to Charlotte Ronson. Further to this goal, SANEI has trumped up its pleading with totally unsupported claims of fraud, alleges a claim of "trademark misuse" never before recognized as a claim, and frivolously accuses GMA of suing another company (SOLNICKI) and SOLNICKI's customers under Docket No. 07-cv-3219 (LST), not to stop the rampant infringement there, but to injure SANEI.

### JURISDICTION AND VENUE

      2.    GMA admits that this Court has jurisdiction over actions properly brought pursuant to 28 U.S.C. §2201, Rule 57 of the Federal Rules of Civil Procedure, and 15 U.S.C. §§1119 and 1120, but denies that SANEI is entitled to any relief pursuant to these statutes.

3. GMA repeats and realleges the admissions and denials set forth in paragraph 2 of this Answer and further admits that this Court has jurisdiction over actions properly brought pursuant to 28 U.S.C. §1051 *et seq.*, and that venue is proper pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

4. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint but has no reason to dispute the veracity of said allegations.

5. GMA admits the allegations in paragraph 5 of the Amended Complaint.

## ALLEGATIONS

6. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 25.

8. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 18.

9. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 14.

10. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint and further states that as used in this Answer and in GMA's counterclaims, the term "RONSON" refers to the Plaintiff, Sanei Charlotte Ronson, and/or its alleged predecessor "C. Ronson", as may be appropriate.

11. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14. GMA denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. GMA admits the allegations set forth in paragraph 16 of the Amended Complaint.

17. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint except admits that GMA's counsel sent a cease and desist letter to SANEI in early 2005 and further alleges that SANEI knew, or should have known, GMA was the owner of trademark registrations for CHARLOTTE and/or CHARLOTTE & FRIENDS.

18. GMA denies as posited the allegations set forth in paragraph 18 of the Amended Complaint except admits that GMA is the current title holder and owner of the Registrations identified in subparagraphs (a), (b), (c), (d), and (e).

19. GMA admits the allegations set forth in paragraph 19 of the Amended Complaint.

20. GMA admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. GMA admits the allegations set forth in paragraph 21 of the Amended Complaint.

22. GMA denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. GMA admits the allegations set forth in paragraph 23 of the Amended Complaint.

24. GMA admits the allegations set forth in paragraph 24 of the Amended Complaint.

25. GMA denies the allegations set forth in paragraph 25 of the Amended Complaint and respectfully refers the Court to *GMA Accessories, Inc.* v. *Sanei Charlotte Ronson, LLC*, Opposition No. 91167353 (TTAB Nov. 6, 2006), annexed to the Amended Complaint as Exhibit A, for the basis of the decision of the Trademark Trial and Appeal Board.

26. GMA admits the allegations set forth in paragraph 26 of the Amended Complaint and asserts that GMA's motion to reconsider summary judgment in favor of GMA has been pending since 2006..

27. GMA admits the allegations set forth in paragraph 27 of the Amended Complaint.

28. GMA denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. GMA denies the allegations set forth in paragraph 29 of the Amended Complaint except admits that the City of Charlotte is the capital of North Carolina and that the University of North Carolina has a campus in the City of Charlotte.

30. GMA denies the allegations set forth in paragraph 30 of the Amended Complaint and alleges upon information and belief that GMA is successfully policing the CHARLOTTE mark and has been for many years.

31. GMA denies the allegations set forth in paragraph 31 of the Amended Complaint and alleges upon information and belief that the use of the marks alleged in paragraph 31 infringe on GMA's CHARLOTTE mark and several of them have already been stopped by GMA.

32. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and alleges that GMA and Charlotte Russe have a coexistence agreement.

33. GMA denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35. GMA denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

37. GMA denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. GMA denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. GMA denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. GMA admits the allegations set forth in paragraph 40 of the Amended Complaint.

41. GMA admits the allegations set forth in paragraph 41 of the Amended Complaint.

42. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. GMA denies the allegations set forth in paragraph 43 of the Amended Complaint except alleges that SANEI's counsel is representing most of the defendants in the Solnicki matter, that the infringement there is widespread, and that the Court's injunction issued on default was ordered after evidentiary submissions.

44. GMA denies the allegations set forth in paragraph 44 of the Amended Complaint.

45. GMA denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. GMA denies the allegations set forth in paragraph 46 of the Amended Complaint except admits that GMA's counsel has sent cease and desist letters to companies that GMA believes to be infringing on its trademarks.

47. GMA denies the allegations set forth in paragraph 47 of the Amended Complaint and further alleges that SANEI's resurrection of a 10 year old case involving entirely different factual and procedural circumstances is further evidence of the strike suit nature of this proceeding.

## FIRST CLAIM FOR RELIEF

48. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. GMA denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. GMA denies the allegations set forth in paragraph 50 of the Amended Complaint.

51. GMA denies the allegations set forth in paragraph 51 of the Amended Complaint.

52. GMA admits that the rights of parties to litigation are dependent upon facts and the law applied thereto but denies that SANEI is entitled to the relief sought herein.

53. GMA denies the allegations set forth in paragraph 53 of the Amended Complaint.

54. GMA denies the allegations set forth in paragraph 54 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

55. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 54 above as if fully set forth herein.

56. GMA denies the allegations set forth in paragraph 56 of the Amended Complaint.

57. GMA denies that SANEI is entitled to the relief requested in paragraph 57 of the Amended Complaint and further alleges that the Second Claim for Relief does not set forth a cognizable cause of action.

### THIRD CLAIM FOR RELIEF

58. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. GMA denies the allegations set forth in paragraph 59 of the Amended Complaint.

60. GMA denies the allegations set forth in paragraph 60 of the Amended Complaint and respectfully refers this Court to the documents referred to in paragraph 60 for the statements contained therein.

61. GMA denies the allegations set forth in paragraph 61 of the Amended Complaint.

62. GMA denies the allegations set forth in paragraph 62 of the Amended Complaint.

63. GMA denies the allegations set forth in paragraph 63 of the Amended Complaint.

64. GMA denies the allegations set forth in paragraph 64 of the Amended Complaint.

65. GMA denies the allegations set forth in paragraph 65 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF

66. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 65 above as if fully set forth herein.

67. GMA denies the allegations set forth in paragraph 67 of the Amended Complaint except admits that it has sued retailers whom it believes to be infringing on the GMA trademarks.

68. GMA denies the allegations set forth in paragraph 68 of the Amended Complaint and respectfully refers the Court to the applications referred to in paragraph 68 for the statements contained therein.

69. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint and further alleges that

the GMA trademark applications referred to in paragraph 70 were approved by the Patent and Trademark office.

71. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint and further alleges that the GMA trademark applications referred to in paragraph 71 were approved by the Patent and Trademark office.

72. GMA denies the allegations set forth in paragraph 72 of the Amended Complaint.

73. GMA denies the allegations set forth in paragraph 73 of the Amended Complaint and further alleges that it has only acted with respect to marks that it believes infringe upon the GMA trademarks.

74. GMA denies the allegations set forth in paragraph 74 of the Amended Complaint.

75. GMA denies the allegations set forth in paragraph 75 of the Amended Complaint.

76. GMA denies the allegations set forth in paragraph 76 of the Amended Complaint.

### FIFTH CLAIM FOR RELIEF

77. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 76 above as if fully set forth herein.

78. GMA denies the allegations set forth in paragraph 78 of the Amended Complaint.

79. GMA denies the allegations set forth in paragraph 79 of the Amended Complaint.

80. GMA denies the allegations set forth in paragraph 80 of the Amended Complaint.

81. GMA denies that SANEI is entitled to the relief requested in paragraph 81 of the Amended Complaint.

82. GMA denies the allegations set forth in paragraph 82 of the Amended Complaint.

### SIXTH CLAIM FOR RELIEF

83. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 82 above as if fully set forth herein.

84. GMA denies the allegations set forth in paragraph 84 of the Amended Complaint.

85. GMA denies that SANEI is entitled to the relief requested in paragraph 85 of the Amended Complaint.

86. GMA denies the allegations set forth in paragraph 86 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

87.  The Amended Complaint fails to state a claim against GMA upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

88.  The claims in the Amended Complaint are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

89.  SANEI and its customers have infringed upon the mark CHARLOTTE in violation of the trademark laws and SANEI is barred from seeking the relief requested, in whole or in part, by virtue of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

90.  The claims in the Amended Complaint are barred because the court lacks jurisdiction over the claims stated in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

91.  The claims in the Amended Complaint are barred as they are the subject of a prior pending action and a prior pending administrative proceeding.

## SIXTH AFFIRMATIVE DEFENSE

92.  GMA's use of the CHARLOTTE mark predates any use of the words CHARLOTTE and/or CHARLOTTE RONSON by SANEI.

## SEVENTH AFFIRMATIVE DEFENSE

93.  The parties that SANEI claims were accused of infringement, were in fact using the CHARLOTTE mark without permission.

WHEREFORE, GMA requests that the claims be dismissed, that the court declare that Plaintiff's use of CHARLOTTE RONSON infringes the CHARLOTTE mark, and that costs and fees be awarded to Defendant as allowed by law.

Dated: New York, New York
       March 5, 2008

> Respectfully Submitted,
>
> THE BOSTANY LAW FIRM
>
> By: _____
> RONALD I. PALTROWITZ (RP-2746)
> Attorney for Defendant
> GMA Accessories, Inc.
> 40 Wall Street, 61st Floor
> New York, New York 10005
> (212) 530-4400