UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANEI CHARLOTTE RONSON LLC,

        Plaintiff-Counterclaim Defendant,

- against -                                            Civil Action No.: 07CV9578 (CM)

GMA ACCESSORIES, INC.,                        **COUNTERCLAIM**

        Defendant-Counterclaimant,

- against –

HATCH, INC., BLUEFLY, INC., JCL STYLE, INC,
CYNTHIA SARAH, INC, CHICK LLC,
DJPREMIUM.COM, BLEU CLOTHING CORP.,
BONN CLOTHING COMPANY, LLC, and
ABC CORPORATIONS 1-20,

        Additional Counterclaim Defendants.
-----------------------------------------------------------------X

## NATURE OF THE ACTION

Until recently, Plaintiff-Counterclaim Defendant SANEI's goods were called "C. Ronson" brand. Over seven years after Counterclaimant GMA registered the CHARLOTTE brand and after GMA sold millions of CHARLOTTE brand merchandise, SANEI embarked on a guerrilla campaign to change its brand to "CHARLOTTE Ronson," with the Charlotte name far more pronounced than Ronson, thereby knowingly infringing on GMA's CHARLOTTE mark. Shortly after the name change, GMA informed SANEI and/or its predecessor that the new name, i.e. CHARLOTTE Ronson, would be infringing upon the GMA marks and in addition GMA instituted an opposition proceeding in the Trademark Trial and Appeal Board. At least 3 office actions, authored by a trademark examiner at the TTAB, cited the GMA marks as confusingly similar to CHARLOTTE RONSON. But plaintiff and its predecessor, apparently blinded by the continuing profit from use of CHARLOTTE, declined to cease use of the GMA mark.

Counterclaimant, GMA ACCESSORIES, INC. (hereinafter "GMA") brings this COUNTERCLAIM against, Counterclaim Defendants SANEI CHARLOTTE RONSON, LLC (hereinafter "SANEI"), HATCH, INC. (hereinafter "HATCH"), BLUEFLY, INC. (hereinafter "BLUEFLY"), JCL STYLE, INC. (hereinafter "JCL"), CYNTHIA SARAH, INC. (hereinafter "CYNTHIA"), CHICK LLC (hereinafter "CHICK"), DJPREMIUM.COM (hereinafter "DJ") BLEU CLOTHING CORP. (hereinafter "BLEU"), BONN CLOTHING COMPANY, LLC (hereinafter "BONN"), and ABC CORPORATIONS 1-20 (hereinafter "ABC companies"), (hereinafter collectively referred to as the "Counterclaim Defendants"), alleging upon information and belief as follows:

## PARTIES

1. Counterclaimant, GMA, is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. Capelli is an assumed name of GMA.

3. Counterclaim Defendant SANEI is a limited liability company existing under the laws of the State of New York.

4. SANEI is the manufacturer of Charlotte Ronson goods.

5. Counterclaim Defendant HATCH is a corporation duly organized and existing under the laws of the State of California with an office located at 80 West 40th Street, New York, NY 10018.

6. Hatch is a distributor of Charlotte Ronson goods.

7. Hatch uses and has used the website www.hatchinc.com to advertise its distribution of goods under the CHARLOTTE Ronson label.

8. Hatch takes orders for Charlotte Ronson goods and sells them to retailers.

9. Counterclaim Defendant BLUEFLY is a corporation duly organized under the laws of the State of Delaware with its principal place of business at 42 West 32nd Street, New York, NY 10018.

10. BLUEFLY uses and has used the website www.bluefly.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

11. Counterclaim Defendant JCL is a corporation duly organized under the laws of the State of Delaware with its principal place of business at 2949 Randolph Ave, Suite C, Costa Mesa, CA 92626.

12. JCL uses and has used the website www.pinkmascara.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

13. Counterclaim Defendant CYNTHIA is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 5301 Beethoven Street, Suite 134, Los Angeles, CA 90066.

14. CYNTHIA uses and has used the website www.shoplastyle.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

15. Counterclaim Defendant CHICK is limited liability company duly organized and existing under the laws of the State of Pennsylvania with its principal place of business at 717 Liberty Avenue, Pittsburgh, PA 15222.

16. CHICK uses and has used the website www.chickdowntown.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

17. Counterclaim Defendant DJ is a company existing under the laws of the State of California with its principal place of business at 9180 Camino Santa Fe, San Diego, CA 92121.

18. DJ uses and has used the website www.djpremium.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

19. Counterclaim Defendant BLEU is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 454 S. La Brea Avenue, Los Angeles, CA 90036.

20. BLEU uses and has used the website www.bleuclothing.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

21. Counterclaim Defendant BONN is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 730 W. Randolph, Suite 200, Chicago, Illinois 60661.

22. BONN uses and has used the website www.activeendeavors.com to retail goods under the CHARLOTTE Ronson label and to further infringe upon the CHARLOTTE mark.

23. ABC companies are customers of SANEI that purchased goods labeled with the mark CHARLOTTE alone and/or in conjunction with the word Ronson, that SANEI, to date, refuses to identify despite discovery requests dated November 26, 2007.

24. Counterclaim Defendants are using CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell, and/or offer for sale merchandise to the public.

25. Counterclaim Defendants have in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

## JURISDICTION AND VENUE

26. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

27. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

28. SANEI and the remaining Counterclaim Defendants, and possibly other SANEI customers currently unknown to GMA, have infringed upon the CHARLOTTE mark in violation of the trademark laws.

29. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the word CHARLOTTE by the Counterclaim Defendants to identify goods closely related to those covered by the GMA marks.

30. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

31. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the CHARLOTTE mark in International Class 25 for clothing, footwear, and headgear. This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant

to section 15 of the Lanham Act.

32. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the CHARLOTTE mark in International Class 18 for sacks and bags. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

33. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the CHARLOTTE mark in International Class 9 for sunglasses. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

34. Since 1999, GMA has been and is now the title owner of Registration #2,216,405 for the CHARLOTTE mark in International Class 26 for hair accessories. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

35. In November of 2001, GMA was assigned all rights to Registration # 1,135,037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979.(The registrations referred to in paragraphs 31, 32, 33, 34, and 35 are collectively referred to herein as the "GMA marks").

36. The GMA Products consist of, among other things, clothing, footwear, bags and hair accessories.

37. The use of the word CHARLOTTE in connection with GMA's products is arbitrary and strong.

38. Counterclaim Defendants were aware or should have been aware of the GMA marks before they began using the words CHARLOTTE and/or CHARLOTTE RONSON to identify clothing, bags and footwear (hereinafter "SANEI Goods").

39. Counterclaim Defendants have used the word CHARLOTTE alone and/or in conjunction with RONSON to identify the SANEI Goods and goods closely related to those covered by the GMA marks. ("past infringing use").

40. Counterclaim Defendants continue to use the word CHARLOTTE alone and/or in conjunction with RONSON to identify the SANEI Goods (hereinafter "present infringing use").

41. Counterclaim Defendants have in the past and are now intentionally infringing upon the CHARLOTTE mark.

42. A search of the United States Patent and Trademark Office list of registered

marks would have revealed that GMA was the owner of the CHARLOTTE mark with respect to the SANEI Goods and SANEI infringed and is infringing in bad faith.

43. Prior to using the word CHARLOTTE as described in paragraph 38, counterclaim defendants failed to conduct a trademark search.

## ALLEGATIONS

44. The Counterclaim Defendants commenced use of the CHARLOTTE mark as stated in paragraphs 24 and 38 no earlier than February 2005. The products therein described where formerly known as C. Ronson brand.

45. Shortly after the name change, GMA informed SANEI and/or its predecessor that the new name, i.e. CHARLOTTE RONSON, would be infringing upon the GMA marks and in addition GMA instituted an opposition proceeding in the Trademark Trial and Appeal Board.

46. At least 3 office actions, authored by a trademark examiner at the TTAB, cited the GMA marks as confusingly similar to CHARLOTTE RONSON. But plaintiff and its predecessor, blinded by the continuing profit from use of CHARLOTTE, declined to cease use of the GMA mark.

47. The CHARLOTTE mark is inherently distinctive as to GMA's goods.

48. GMA's use of the CHARLOTTE mark has substantial secondary meaning in the marketplace.

49. Since at least 2006, Counterclaim Defendants have used the CHARLOTTE mark as described herein as co-infringers acting in concert in the scheme to infringe as set forth herein.

50. Since at least 2006, SANEI has sold an infringing line of goods which infringement was furthered and enhanced by SANEI's distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to its co-infringers, who in turn peddled, displayed, marketed, offered for sale and sold the infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

51. The goods that Counterclaim Defendants advertise, promote, sell, or offer for sale in connection with the words CHARLOTTE and/or CHARLOTTE RONSON are products closely related to those for which GMA owns registered trademarks.

52. GMA has priority over Counterclaim Defendants in the CHARLOTTE mark for

the SANEI Goods and all goods closely related to the goods covered by the GMA marks.

53. Long after the adoption and use by GMA of the CHARLOTTE mark, and with at least constructive notice of the registration of the GMA Trademarks, Counterclaim Defendants have and continue to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE mark to market, promote, identify design, manufacture, sell and distribute their products.

54. The Counterclaim Defendants have been offering for sale products using the confusingly similar name, i.e. CHARLOTTE RONSON

55. Counterclaim Defendants, by their acts as aforesaid, have taken advantage of the creative skill of GMA, and of the good will developed by GMA in the CHARLOTTE mark, and has capitalized upon advertisements for CHARLOTTE.

56. Counterclaim Defendants' use of GMA's CHARLOTTE mark results in confusion as to sponsorship, association, source and origin of GMA and SANEI products.

57. Counterclaim Defendants have advertised, promoted, marketed and/or sold their products as herein described.

58. Having adopted and used the CHARLOTTE mark after GMA, Counterclaim Defendants are the junior users of the mark on all goods closely related to those covered by the GMA marks.

59. SANEI continues to inject its products into commerce with the express intent of profiting from GMA's valuable registered trademark.

60. The acts of Counterclaim Defendants complained of herein have been without the authorization or consent of GMA.

61. Counterclaim Defendants' acts have caused and will continue to cause irreparable harm and injury to GMA.

62. The activities of the Counterclaim Defendants. complained of herein, constitute infringement of the GMA Trademarks in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

WHEREFORE, the Counterclaimant, GMA ACCESSORIES, INC., prays:

      A.    That this Court adjudge that Counterclaim Defendants have infringed, GMA's CHARLOTTE marks, and competed unfairly, in violation of GMA's rights under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125.

      B.    That Counterclaim Defendants and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

      C.    That the Counterclaim Defendants. be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the word "CHARLOTTE", and any plates, molds, and other materials for making such infringing products.

      D.    That the Counterclaim Defendants. be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

      E.    That GMA recover Counterclaim Defendants' profits arising from their acts of trademark infringement, false designation of origin, false description or representation, unfair

      A.    That this Court adjudge that Counterclaim Defendants have infringed, GMA's CHARLOTTE marks, and competed unfairly, in violation of GMA's rights under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125.

      B.    That Counterclaim Defendants and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

      C.    That the Counterclaim Defendants. be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the word "CHARLOTTE", and any plates, molds, and other materials for making such infringing products.

      D.    That the Counterclaim Defendants. be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

      E.    That GMA recover Counterclaim Defendants' profits arising from their acts of trademark infringement, false designation of origin and description unfair competition pursuant

15 U.S.C 1117(a).

    H.    That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

    I.    That GMA have such other and further relief as the Court may deem just and proper.

<u>**JURY DEMAND**</u>

GMA respectfully requests a trial by jury as to all issues.

Dated: New York, New York
       March 5, 2008

                            Respectfully Submitted,

                            THE BOSTANY LAW FIRM

                            By: _____
                            RONALD I. PALTROWITZ (RP-2746)
                            Attorney for Defendant–Counterclaimant,
                            GMA Accessories, Inc.
                            40 Wall Street, 61st Floor
                            New York, New York 10005
                            (212) 530-4400