# THE BOSTANY LAW FIRM

40 WALL STREET
61ST FLOOR
NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400
FAX: 212-530-4488

**MEMO ENDORSED**



NEW JERSEY OFFICE
ONE GATEWAY CENTER
NEWARK, NJ 07102

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/08

March 17, 2008

Hon. Kimba M. Wood
Chief United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED
MAR 17 2008
CHAMBERS OF KIMBA M. WOOD
U.S.D.J. S.D.N.Y.

Re:  *Sanei Charlotte Ronson LLC, v. GMA Accessories, Inc.,*
     Docket No.: 07 CV 9578 (UA)

Honorable Chief Judge:

As counsel for defendant GMA, we received a copy of Judge McMahon's recusal memorandum in this case (hereinafter the "RONSON matter"). I also represent GMA in the prior pending action *GMA v. Eminent, et.al.,* 07cv3219 (LTS) which was assigned to Hon. Laura Taylor Swain (hereinafter the "SOLNICKI case") in April of last year.

Pursuant to Local Civil Rule 1.6, I respectfully advise that the cases are related and ask that this case be referred to Judge Swain at this time. When the RONSON action was filed in October, counsel for the plaintiff, Dreier LLP, did not mark the case related on the civil cover sheet, so Judge Swain was not referred the case initially by the Clerk. Dreier also represents the defendants in the SOLNICKI case.

The RONSON case is derived from the SOLNICKI case insofar as the RONSON complaint alleges that GMA's lawsuit in SOLNICKI has tortuously interfered with RONSON's business based on the unique argument that GMA's lawsuit against the retailers of SOLNICKI has caused RONSON damage because RONSON sells to those same retailers, i.e. the defendants in SOLNICKI are customers of both RONSON and SOLNICKI.

The remainder of the claims and counterclaims of each case are the converse of each other as summarized in pertinent part:

*[handwritten margin note:]* Prefer the case to Judge Swain, so that she can determine whether the cases are related. Kmw

**Claims in SOLNICKI:** GMA's registered trademark CHARLOTTE for clothing versus the defendants' use of the unregistered trademark CHARLOTTE SOLNICKI on trendy clothing. See Exhibit A.

**Counterclaim in RONSON:** GMA's registered trademark CHARLOTTE for clothing versus RONSON's use of the unregistered mark CHARLOTTE RONSON on trendy clothing. See Exhibit B.

**Claims in RONSON:** (a) unsupported claim that GMA was not using its mark in commerce when it renewed it and therefore lost rights to it. See Exhibit C.

**Counterclaims in SOLNICKI:** (a) unsupported claim that GMA was not using its mark in commerce when it renewed it and therefore lost rights to it. See Exhibit D.

Wherefore, assignment to the same Judge it is respectfully submitted would avoid the unnecessary duplication of judicial effort, and would foster consistency in verdicts.

I also respectfully ask your Honor's assistance with a Stipulation to take non-party depositions on March 18 and March 20. At the time of Judge McMahon's recusal, the Clerk was in the process of submitting a joint stipulation for non party depositions on these cases to both Judge McMahon and Judge Swain. On March 13, Judge Swain "so ordered" the part of the order that pertained to the SOLNICKI case, but Judge McMahon did not "so order" the portion of the stipulation that pertained to the RONSON case before her recusal on March 12. Accordingly, I respectfully ask that your Honor endorse that portion of the enclosed Stipulation relating to the RONSON case.

*[Handwritten annotation: This is a matter to be dealt with by the Part I judge. KMW]*

Respectfully,

John P. Bostany

Enclosures

cc: Hon. Laura Taylor Swain, U.S.D.J.
Dreier, LLP

SO ORDERED.
NY, NY.
3-17-08

Kimba M. Wood