UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANEI CHARLOTTE RONSON LLC,

              Plaintiff-Counterclaim Defendant,

  - against -                                    Civil Action No.: 07CV9578 (RWS)

GMA ACCESSORIES, INC.,                   **AMENDED ANSWER TO AMENDED**
                                                         **COMPLAINT and AMENDED**
                                                         **COUNTERCLAIM**
              Defendant-Counterclaimant,
------------------------------------------------------------------X

      Defendant, GMA Accessories, Inc. (hereinafter "GMA"), by its attorneys, The Bostany Law Firm, for its Amended Answer to the Amended Complaint herein against the Plaintiff, Sanei Charlotte Ronson LLC (hereinafter "SANEI"), states as follows:

## NATURE OF THE ACTION

      1.     In answering paragraph 1, GMA respectfully submits this description is more accurate than SANEI's: Over seven years after Counterclaimant GMA registered the CHARLOTTE brand and after GMA sold millions of CHARLOTTE brand merchandise, SANEI embarked on a guerrilla campaign to change its brand to "CHARLOTTE Ronson," with the Charlotte name far more pronounced than Ronson, thereby knowingly infringing on GMA's CHARLOTTE mark. Shortly after the name change, GMA informed SANEI and/or its predecessor that the new name, i.e. CHARLOTTE Ronson, would be infringing upon the GMA marks and in addition GMA instituted an opposition proceeding in the Trademark Trial and Appeal Board.

      SANEI then brought this action pleading random claims of fraud and "trademark misuse" (never before recognized as a claim) in a calculated effort to distract from the infringement claim.

- 2 -

2. In answering paragraph 2 of the Amended complaint, GMA admits that this Court has jurisdiction over actions properly brought pursuant to 28 U.S.C. §2201, Rule 57 of the Federal Rules of Civil Procedure, and 15 U.S.C. §§1119 and 1120, but denies that SANEI is entitled to any relief pursuant to these statutes.

3. GMA repeats and realleges the admissions and denials set forth in paragraph 2 of this Answer and further admits that this Court has jurisdiction over actions properly brought pursuant to 28 U.S.C. §1051 *et seq.*, and that venue is proper pursuant to 28 U.S.C. §1391(b).

4. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint but has no reason to dispute the veracity of said allegations.

5. GMA admits the allegations in paragraph 5 of the Amended Complaint.

6. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 25.

8. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 18.

9. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint and further alleges that C. Ronson is not entitled to register the mark CHARLOTTE RONSON in International Class 14.

10. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint and further states that as used in this Answer and in GMA's counterclaims, the term "SANEI" refers to the Plaintiff, Sanei Charlotte Ronson, LLC and/or its alleged predecessor "C. Ronson", as may be appropriate.

11. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14. GMA denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. GMA admits the allegations set forth in paragraph 16 of the Amended Complaint.

17. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint except admits that GMA's counsel sent a cease and desist letter to SANEI in early 2005 and further alleges that SANEI knew, or should have known, GMA was the owner of trademark registrations for CHARLOTTE and/or CHARLOTTE & FRIENDS.

18. GMA denies as posited the allegations set forth in paragraph 18 of the Amended Complaint except admits that GMA is the current title holder and owner of the Registrations identified in subparagraphs (a), (b), (c), (d), and (e).

19. GMA admits the allegations set forth in paragraph 19 of the Amended Complaint.

20. GMA admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. GMA admits the allegations set forth in paragraph 21 of the Amended Complaint.

22. GMA denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. GMA admits the allegations set forth in paragraph 23 of the Amended Complaint.

24. GMA admits the allegations set forth in paragraph 24 of the Amended Complaint.

25. GMA denies the allegations set forth in paragraph 25 of the Amended Complaint and respectfully refers the Court to *GMA Accessories, Inc.* v. *Sanei Charlotte Ronson, LLC*,

Opposition No. 91167353 (TTAB Nov. 6, 2006), annexed to the Amended Complaint as Exhibit A, for the basis of the decision of the Trademark Trial and Appeal Board.

26. GMA admits the allegations set forth in paragraph 26 of the Amended Complaint and asserts that GMA's motion to reconsider summary judgment in favor of GMA has been pending since 2006.

27. GMA admits the allegations set forth in paragraph 27 of the Amended Complaint.

28. GMA denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. GMA denies the allegations set forth in paragraph 29 of the Amended Complaint except admits that the City of Charlotte is the capital of North Carolina and that the University of North Carolina has a campus in the City of Charlotte.

30. GMA denies the allegations set forth in paragraph 30 of the Amended Complaint and alleges upon information and belief that GMA is successfully policing the CHARLOTTE mark and has been for many years.

31. GMA denies the allegations set forth in paragraph 31 of the Amended Complaint and alleges upon information and belief that the use of the marks alleged in paragraph 31 infringe on GMA's CHARLOTTE mark and several of them have already been stopped by GMA.

32. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and alleges that GMA and Charlotte Russe have a coexistence agreement.

33. GMA denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35. GMA denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint.

37. GMA denies the allegations set forth in paragraph 37 of the Amended Complaint.

38. GMA denies the allegations set forth in paragraph 38 of the Amended Complaint.

39. GMA denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. GMA admits the allegations set forth in paragraph 40 of the Amended Complaint.

41. GMA admits the allegations set forth in paragraph 41 of the Amended Complaint.

42. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. GMA denies the allegations set forth in paragraph 43 of the Amended Complaint except alleges that SANEI's counsel is representing most of the defendants in the Solnicki matter, that the infringement there is widespread, and that the Court's injunction issued on default was ordered after evidentiary submissions.

44. GMA denies the allegations set forth in paragraph 44 of the Amended Complaint.

45. GMA denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. GMA denies the allegations set forth in paragraph 46 of the Amended Complaint except admits that GMA's counsel has sent cease and desist letters to companies that GMA believes to be infringing on its trademarks.

47. GMA denies the allegations set forth in paragraph 47 of the Amended Complaint and further alleges that SANEI's resurrection of a 10 year old case involving entirely different factual and procedural circumstances is further evidence of the strike suit nature of this proceeding.

**FIRST CLAIM FOR RELIEF**

48. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. GMA denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. GMA denies the allegations set forth in paragraph 50 of the Amended Complaint.

51. GMA denies the allegations set forth in paragraph 51 of the Amended Complaint.

52. GMA admits that the rights of parties to litigation are dependent upon facts and the law applied thereto but denies that SANEI is entitled to the relief sought herein.

53. GMA denies the allegations set forth in paragraph 53 of the Amended Complaint.

54. GMA denies the allegations set forth in paragraph 54 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

55. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 54 above as if fully set forth herein.

56. GMA denies the allegations set forth in paragraph 56 of the Amended Complaint.

57. GMA denies that SANEI is entitled to the relief requested in paragraph 57 of the Amended Complaint and further alleges that the Second Claim for Relief does not set forth a cognizable cause of action.

## THIRD CLAIM FOR RELIEF

58. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. GMA denies the allegations set forth in paragraph 59 of the Amended Complaint.

60. GMA denies the allegations set forth in paragraph 60 of the Amended Complaint and respectfully refers this Court to the documents referred to in paragraph 60 for the statements contained therein.

61. GMA denies the allegations set forth in paragraph 61 of the Amended Complaint.

62. GMA denies the allegations set forth in paragraph 62 of the Amended Complaint.

63. GMA denies the allegations set forth in paragraph 63 of the Amended Complaint.

64. GMA denies the allegations set forth in paragraph 64 of the Amended Complaint.

65. GMA denies the allegations set forth in paragraph 65 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF

66. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 65 above as if fully set forth herein.

67. GMA denies the allegations set forth in paragraph 67 of the Amended Complaint except admits that it has sued retailers whom it believes to be infringing on the GMA trademarks.

68. GMA denies the allegations set forth in paragraph 68 of the Amended Complaint and respectfully refers the Court to the applications referred to in paragraph 68 for the statements contained therein.

69. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint and further alleges that the GMA trademark applications referred to in paragraph 70 were approved by the Patent and Trademark office.

71. GMA denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint and further alleges that the GMA trademark applications referred to in paragraph 71 were approved by the Patent and Trademark office.

72. GMA denies the allegations set forth in paragraph 72 of the Amended Complaint.

73. GMA denies the allegations set forth in paragraph 73 of the Amended Complaint and further alleges that it has only acted with respect to marks that it believes infringe upon the GMA trademarks.

74. GMA denies the allegations set forth in paragraph 74 of the Amended Complaint.

75. GMA denies the allegations set forth in paragraph 75 of the Amended Complaint.

76. GMA denies the allegations set forth in paragraph 76 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF

77. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 76 above as if fully set forth herein.

78. GMA denies the allegations set forth in paragraph 78 of the Amended Complaint.

79. GMA denies the allegations set forth in paragraph 79 of the Amended Complaint.

80. GMA denies the allegations set forth in paragraph 80 of the Amended Complaint.

81. GMA denies that SANEI is entitled to the relief requested in paragraph 81 of the Amended Complaint.

82. GMA denies the allegations set forth in paragraph 82 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF

83. GMA repeats and realleges each and every admission, denial and further allegation set forth in paragraphs 1 through 82 above as if fully set forth herein.

84. GMA denies the allegations set forth in paragraph 84 of the Amended Complaint.

85. GMA denies that SANEI is entitled to the relief requested in paragraph 85 of the Amended Complaint.

86. GMA denies the allegations set forth in paragraph 86 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

87. The Amended Complaint fails to state a claim against GMA upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

88. The claims in the Amended Complaint are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

89. SANEI and its customers have infringed upon the mark CHARLOTTE in violation of the trademark laws and SANEI is barred from seeking the relief requested, in whole or in part, by virtue of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

90. The claims in the Amended Complaint are barred because the court lacks jurisdiction over the claims stated in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

91. The claims in the Amended Complaint are barred as they are the subject of a prior pending action and a prior pending administrative proceeding.

### SIXTH AFFIRMATIVE DEFENSE

92. GMA's use of the CHARLOTTE mark predates any use of the words CHARLOTTE and/or CHARLOTTE RONSON by SANEI.

### SEVENTH AFFIRMATIVE DEFENSE

93. The parties that SANEI claims were accused of infringement were in fact using the CHARLOTTE mark without permission.

## COUNTERCLAIM

94. Counterclaimant, GMA ACCESSORIES, INC. (hereinafter "GMA") brings this COUNTERCLAIM against, Counterclaim Defendant SANEI CHARLOTTE RONSON, LLC (hereinafter "SANEI"), alleging upon information and belief as follows:

95. Capelli is an assumed name of GMA.

96. SANEI is the manufacturer of Charlotte Ronson goods.

97. SANEI is using CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell, and/or offer for sale merchandise to the public.

98. SANEI has in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

## JURISDICTION AND VENUE

99. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

100. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

101. SANEI has infringed upon the CHARLOTTE mark in violation of the trademark laws.

102. Each of the CHARLOTTE federal registrations owned by GMA pre-date the first use of the word CHARLOTTE by the Counterclaim Defendant to identify goods closely related to those covered by the GMA marks.

103. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

104. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the CHARLOTTE mark in International Class 25 for clothing, footwear, and headgear. This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

105. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the CHARLOTTE mark in International Class 18 for sacks and bags. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

106. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the CHARLOTTE mark in International Class 9 for sunglasses. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

107. Since 1999, GMA has been and is now the title owner of Registration #2,216,405 for the CHARLOTTE mark in International Class 26 for hair accessories. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

108. In November of 2001, GMA was assigned all rights to Registration # 1,135,037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979. (The registrations referred to in paragraphs 107, 108, 109, 110, and 111 are collectively referred to herein as the "GMA marks").

109. The GMA Products consist of, among other things, clothing, footwear, bags and hair accessories.

110. The use of the word CHARLOTTE in connection with GMA's products is arbitrary and strong.

111. Counterclaim Defendant is aware or should have been aware of the GMA marks before it began using the words CHARLOTTE and/or CHARLOTTE RONSON to identify clothing, bags and footwear (hereinafter "SANEI Goods").

112. Counterclaim Defendant has used the word CHARLOTTE alone and/or in conjunction with RONSON to identify the SANEI Goods and goods closely related to those covered by the GMA marks. ("past infringing use").

113. Counterclaim Defendant continues to use the word CHARLOTTE alone and/or in conjunction with RONSON to identify the SANEI Goods (hereinafter "present infringing use").

114.    Counterclaim Defendant has in the past and are now intentionally infringing upon the CHARLOTTE mark.

115.    A search of the United States Patent and Trademark Office list of registered marks would have revealed that GMA was the owner of the CHARLOTTE mark with respect to the SANEI Goods and SANEI infringed and is infringing in bad faith.

116.    Prior to using the word CHARLOTTE as described in paragraphs 115 and 116, Counterclaim Defendant failed to conduct a trademark search.

## ALLEGATIONS

### COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

117.    The Counterclaim Defendant commenced use of the CHARLOTTE mark as stated in paragraphs 100 and 115 no earlier than February 2005.  The products therein described where formerly known as C. Ronson brand.

118.    Shortly after the name change, GMA informed SANEI and/or its predecessor that the new name, i.e. CHARLOTTE RONSON, would be infringing upon the GMA marks and in addition GMA instituted an opposition proceeding in the Trademark Trial and Appeal Board.

119.    At least 3 office actions, authored by a trademark examiner at the TTAB, cited the GMA marks as confusingly similar to CHARLOTTE RONSON.  But plaintiff and its predecessor, blinded by the continuing profit from use of CHARLOTTE, declined to cease use of the GMA mark.

120.    The CHARLOTTE mark is inherently distinctive as to GMA's goods.

121.    GMA's use of the CHARLOTTE mark has substantial secondary meaning in the marketplace.

122.    Since at least 2006, SANEI has sold an infringing line of goods which infringement was furthered and enhanced by SANEI's distribution of these infringing items, advertised, promoted, marketed or displayed in connection with the CHARLOTTE mark to its co-infringer customers, who in turn peddled, displayed, marketed, offered for sale and sold the

infringing goods at the retail level to the general public in connection with the CHARLOTTE mark.

123. The goods that Counterclaim Defendant advertises, promotes, sells, or offers for sale in connection with the words CHARLOTTE and/or CHARLOTTE RONSON are products closely related to those for which GMA owns registered trademarks.

124. GMA has priority over the Counterclaim Defendant in the CHARLOTTE mark for the SANEI Goods and all goods closely related to the goods covered by the GMA marks.

125. Long after the adoption and use by GMA of the CHARLOTTE mark, and with at least constructive notice of the registration of the GMA Trademarks, Counterclaim Defendant and its co-infringer customers have and continue to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE mark to market, promote, identify design, manufacture, sell and distribute their products.

126. The Counterclaim Defendant has been offering for sale products using the confusingly similar name, i.e. CHARLOTTE RONSON

127. Counterclaim Defendant, by its acts as aforesaid, has taken advantage of the creative skill of GMA, and of the good will developed by GMA in the CHARLOTTE mark, and has capitalized upon advertisements for CHARLOTTE.

128. Counterclaim Defendant's use of GMA's CHARLOTTE mark results in confusion as to sponsorship, association, source and origin of GMA and SANEI products.

129. Counterclaim Defendant and its co-infringer customers have advertised, promoted, marketed and/or sold its products as herein described.

130. Having adopted and used the CHARLOTTE mark after GMA, Counterclaim Defendant is the junior user of the mark on all goods closely related to those covered by the GMA marks.

131. SANEI and its co-infringer customers continue to inject the SANEI products into commerce with the express intent of profiting from GMA's valuable registered trademark.

132. The acts of Counterclaim Defendant complained of herein have been without the authorization or consent of GMA.

133. Counterclaim Defendant's acts have caused and will continue to cause irreparable

harm and injury to GMA.

134.    The activities of the Counterclaim Defendant complained of herein, constitutes infringement of the GMA Trademarks in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

### COUNT II – INFRINGING USE OF DOMAIN NAME (FEDERAL)

135.    As a cause of action and ground for relief, GMA alleges that Defendant SANEI is engaged in trademark infringement practices in violation of 15 U.S.C. Section 1125(d), and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 133 as if fully set forth herein.

136.    SANEI registered, traffics in, and uses the domain name www.charlotteronson.com .

137.    The registration and use of this domain name is in bad faith and increases the likelihood of confusion or of misunderstanding as to affiliation, connection or association of the GMA products with the SANEI products.

138.    PLAINTIFF has not consented to any sponsorship, approval, status, affiliation, or connection with the SANEI or its products.

139.    PLAINTIFF has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to relief, pursuant to 15 U.S.C. Section 1125(d)(1)(C).

WHEREFORE, GMA requests:

A.    That SANEI's claims be dismissed and that the Court declare that SANEI's use of CHARLOTTE RONSON infringes the CHARLOTTE mark.

B.    That this Court adjudge that Counterclaim Defendant has infringed GMA's CHARLOTTE marks, and competed unfairly, in violation of GMA's rights under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125.

C.    That Counterclaim Defendant and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors,

agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including "CHARLOTTE RONSON" and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing GMA's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

   D. That the Counterclaim Defendant be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the word "CHARLOTTE", and any plates, molds, and other materials for making such infringing products.

   E. That the Counterclaim Defendant. be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs C and D, pursuant to 15 U.S.C. 1116(a).

   F. That GMA recover Counterclaim Defendant's profits arising from its acts of trademark infringement, false designation of origin and description and unfair competition pursuant to 15 U.S.C. 1117(a).

   G. That GMA recover pre-judgment and post-judgment interest on the award.

   H. That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

   I. That GMA have and recover its taxable costs and disbursements incurred in this

action pursuant to 15 U.S.C. 1117(a).

    J.    That the website www.charlotteronson.com be removed from the world wide web pursuant to 15 U.S.C. 1125(a)(1)(D).

    K.    That GMA have such other and further relief as the Court may deem just and proper.

### JURY DEMAND

GMA respectfully requests a trial by jury as to all issues.

Dated: New York, New York
       March 25, 2008

                      Respectfully Submitted,

                      THE BOSTANY LAW FIRM

                      By: _____
                      CRYSTAL S.A. SCOTT (5615)
                      Attorney for Defendant-Counterclaimant
                      GMA Accessories, Inc.
                      40 Wall Street, 61st Floor
                      New York, New York 10005
                      (212) 530-4400