# EXHIBIT F

# EXHIBITS IN TTAB PROCEEDING, CONSOLIDATED
## OPPOSITION NO. 91167353, THAT ARE IRRELEVANT TO *SANEI* CASE

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| 3/14/2006 | Applicant's Motion to Compel Discovery | Declaration of Mary L. Grieco (2 pages)<br><br>*Ex. A:* Applicant's First Set of Interrogatories to Opposer dated December 13, 2005 (13 pages)<br><br>*Ex. B:* Applicant's First Request for Production of Documents and Things to Opposer dated December 13, 2005 (10 pages)<br><br>*Ex. C:* Letter from M. Grieco to J. Bostany dated January 31, 2006 re Opposer's overdue responses to Interrogatories and Request for Production of Documents (2 page)<br><br>*Ex. D:* Letter from A. Casellas to M. Grieco dated February 7, 2006 re their request for extension of time until 2/28/06 to respond to discovery requests (2 page)<br><br>*Ex. E:* Letter from M. Grieco to A. Casellas dated February 14, 2006 granting extension until February 28, 2006 (3 page) | 32 |
| 5/15/06 | Applicant's Motion to Enter Protective Order | *Ex. A:* Email from M. Grieco to Vanessa dated March 21, 2006 forwarding draft protective order (14 pages)<br><br>*Ex. B:* Email from M. Grieco to S. Anand dated March 22, 2006 re changes to protective order made by Vanessa (16 pages)<br><br>*Ex. C:* Email from S. Anand to Vanessa dated March 23, 2006 re withdrawing motion without prejudice, confidentiality issues and discovery responses (5 pages)<br><br>*Ex. D:* Email from S. Anand to Vanessa dated March 29, 2006 re signed stipulation, confidentiality issues and opposer's overdue/incomplete discovery responses (6 pages) | 50 |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| 6/3/2006 | Request that Opposer's Motion for Summary Judgment be Disregarded, or in the Alternative, That Applicant's Time to Respond be Extended | *Ex. E*: Form: Provisions for Protecting Confidentiality of Information Revealed During Board Proceeding (9 pages) | 3 |
| 1/29/2007 | Plaintiff's Declaration in Support of Motion to Compel | *Ex. A*: Plaintiff's First Set of Interrogatories dated February 8, 2006 (5 pages) *Ex. B*: Plaintiff's First Request for Production of Documents dated February 8, 2006 (4 pages) *Ex. C*: Applicant's Responses and Objections to Opposer's First Set of Interrogatories dated March 14, 2006 (9 pages) *Ex. D*: Applicant's Responses and Objections to Opposer's First Request for the Production of Documents dated March 14, 2006 (6 pages) *Ex. E*: TTAB Order dated June 29, 2006 granting protective order (2 pages) *Ex. F*: Letter from J. Yoo to M. Grieco dated January 10, 2007 requesting responses to discovery requests (1 page) | 27 |
| 2/2/2007 | Defendant's Response to Motion to Compel [Declaration of Safia A. Anand] | *Ex. A*: Letter from J. Yoo to M. Grieco dated January 10, 2007 requesting applicant's complete responses to discovery requests (2 page) *Ex. B*: Email from M. Grieco to J. Yoo dated January 18, 2007 agreeing to extending discovery deadline and opposer's overdue discovery responses (2) | 4 |
| 3/13/2007 | Applicant's Motion to Compel Opposer's Document Production, | Declaration of S. Anand (13 pages) *Ex. A*: Applicant's First Request for Production of Documents | 122 |

Reproduced from the Board Proceeding (9 pages)

*Declaration of Safia A. Anand (2 pages)*
*Ex. A*: Letter from M. Grieco to J. Bostany dated June 28, 2006 re opposer's failure to serve Motion for Summary Judgment (1 page)

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| | Deposition Testimony, and Motion for Protective Order | and Things to Opposer dated December 13, 2005 (10 pages) *Ex. B:* Applicant's First Set of Interrogatories to Opposer dated December 13, 2005 (13 pages) *Ex. C:* GMA Accessories, Inc.'s Responses and Objections to C. Ronson, Inc. First Set of Request for Documents dated March 16, 2006 (5 pages) *Ex. D:* GMA Accessories, Inc.'s Responses and Objections to C. Ronson, Inc. First Set of Interrogatories dated March 16, 2006 (8 pages) *Ex. E:* Letter from S. Anand to J. Yoo dated February 2, 2007 re opposer's incomplete responses to discovery (4 pages) *Ex. F:* Letter from J. Yoo to S. Anand dated February 12, 2007 re contacting S. Anand to discuss their supplemental responses to interrogatories, documents available for inspection and requiring advance payment of copy fees (2 page) *Ex. G:* Letter from S. Anand to J. Yoo dated February 14, 2007 re service of applicant's discovery responses, scheduling time to review their documents, and offering to make our documents available (2 page) *Ex. H:* Letter from D. Melissinos to S. Anand dated March 6, 2007 following up on E. Whitten's conversation regarding when they would receive our production of 500 documents and when they could copy same, and when we would be inspecting their documents (2 page) *Ex. I:* Letter to J. Bostany from S. Anand dated March 6, 2007 re misrepresentation of conversation between S. Anand and E. Whitten regarding document production (3 pages) *Ex. J:* Fax from D. Melissinos to S. Anand dated March 7, 2007 | |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| | | confirming telephone conversation wherein S. Anand stated that applicant's documents would not be available for copying at opposer's expense, and wherein D. Melissinos stated that opposer's documents would remain available for inspection and/or copying (2 page)<br><br>*Ex. K*: Letter from S. Anand to J. Bostany dated March 7, 2007 re misrepresentation of conversations between S. Anand and and D. Melissinos, and S. Anand and E. Whitten (3 pages)<br><br>*Ex. L*: Letter from F. Charles to S. Anand dated March 9, 2007 providing a copy of a Notice of Deposition and co-existence agreement, and advising that they would provide copies of any documents at the same price they were charged (2 page)<br><br>*Ex. M*: Letter from B. Reilly to S. Anand dated March 9, 2007 confirming that S. Anand is ending the document inspection at 2:00 p.m. and that she is not accepting the copied documents he has, but rather wishes them to be put onto a disk (2 page)<br><br>*Ex. M [sic]*: Applicant's Notice of Deposition of Applicant [sic] Pursuant to Rule 30(b)(6) dated March 8, 2007 (5 pages)<br><br>*Ex. N*: Opposer's notice to take the deposition of defendant pursuant to 30(b)(6) dated March 7, 2007 (2 page)<br><br>*Ex. O*: Declaration of Mary L. Grieco in Support of Applicant's Motion to Compel Opposer's Document Production, Deposition Testimony and Motion for Protective Order, dated March 13, 2007 (6 pages)<br><br>*Ex. A to M. Grieco Declaration*: Letter from J. Yoo to M. Grieco dated January 10, 2007 advising of applicant's incomplete discovery responses and enclosing opposer's second set of interrogatories and request for production (2 page) | |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| | | *Ex. B to M. Grieco Declaration:* Email from M. Grieco to J. Yoo dated January 18, 2007 agreeing to extension of discovery cut-off and following-up on opposer's responses to discovery (2 page) | |
| | | *Ex. C to M. Grieco Declaration:* Email from J. Bostany to M. Grieco dated March 7, 2007 re communication breakdown with S. Anand and agreeing to S. Anand's request to inspect documents on March 9 (2 page) | |
| | | *Ex. D to M. Grieco Declaration:* Email from M. Grieco to J. Bostany dated March 8, 2007 re communication breakdown in response to J. Bostany email of March 7, 2007 (3 pages) | |
| | | *Ex. E to M. Grieco Declaration:* Letter from M. Grieco to J. Bostany dated March 12, 2007 re filing motions to compel and motion for protective order and J. Bostany's conduct during the proceedings (4 pages) | |
| | | *Ex. F to M. Grieco Declaration:* Letter from J. Bostany to M. Grieco dated March 12, 2007 regarding discovery issues, S. Anand's conduct on March 9, and requesting all further communication be addressed to F. Charles (2 page) | |
| | | *Ex. G to M. Grieco Declaration:* Letter from M. Grieco to J. Bostany dated March 12, 2007 re J. Bostany conduct; requesting documents be downloaded onto a disk and filing a motion to compel (2 page) | |
| | | *Ex. H to M. Grieco Declaration:* wording taken from the www.johnbostany.com website which is operated by an unknown individual (2 page) | |
| | | *Ex. I to M. Grieco Declaration:* GMA Accessories, Inc. v. Positive Impressions, Inc., NYLJ Vol. 323, No. 90 (SDNY | |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| 3/28/2007 | [Opposer's]Declaration in Opposition [to Motion to Compel] | 2000) (10 pages) *Ex. J* to *M. Grieco Declaration*: *Playboy Enterprises Int'l v. On Line Entertainment, Inc.*, 2004 WL 626807 (SDNY) (9 pages) *Ex. A*: Applicant's First Request for Production of Documents and Things to Opposer, dated December 13, 2005 (8 pages) *Ex. B*: Letter from B. Reilly to S. Anand dated March 9, 2007 confirming that S. Anand is ending the document inspection at 2:00 p.m. and that she is not accepting the copied documents he has, but rather wishes them to be put onto a disk (1 page) *Ex. C*: Letter from J. Bostany to M. Grieco dated March 12, 2007 regarding discovery issues, S. Anand's conduct on March 9, and requesting all further communication be addressed to F. Charles; fax transaction report re same (2 pages) *Ex. D*: Fax from F. Charles to M. Grieco stating that the requested documents had been produced and questioning what documents we would like (2 page) *Ex. E*: Letter from F. Charles to M. Grieco dated March 14, 2007 stating that the documents produced were organized and responsive, and asking that we advise them which documents we want (1 page) *Ex. F*: Letter from J. Yoo to S. Anand dated February 12, 2007 re contacting S. Anand to discuss their supplemental responses to interrogatories, their documents available for inspection and requiring advance payment of copy fees (1 page) *Ex. G*: Letter from D. Melissinos to S. Anand dated March 6, 2007 following up on W. Whitten's conversation asking when they would be receiving our production of 500 documents and when they could copy same, and when we would be inspecting | 40 |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| | | their documents (1 page) | |
| | | *Ex. H:* Fax from D. Melissinos to S. Anand dated March 7, 2007 confirming telephone conversation wherein S. Anand stated that applicant's documents would not be available for copying at opposer's expense, and wherein D. Melissinos stated that opposer's documents would remain available for inspection and/or copying (1 page) | |
| | | *Ex. I:* Email from J. Bostany to M. Grieco dated March 8, 2007 stating that the discovery violations are on applicant's end, and therefore that applicant's basis for a discovery extension is without merit (1 page) | |
| | | *Ex. J:* Letter from F. Charles to S. Anand dated March 9, 2007 providing a copy of a Notice of Deposition and co-existence agreement, and advising that they would provide copies of any documents at the same price they were charged (1 page) | |
| | | *Ex. K:* GMA Accessories, Inc. v. The Best Impressions, Inc., 2001 WL 1344997 (SDNY) (1 page) | |
| | | *Ex. L:* Stipulated Protective Order dated June 12, 2006 (8 pages) | |
| | | *Ex. M:* Withdrawal of Motion to Enter Protective Order dated June 14, 2006 (2 pages) | |
| | | *Ex. A to Withdrawal of Motion to Enter Protective Order:* Stipulated Protective Order dated June 12, 2006 (8 pages) | |
| | | *Ex. N:* TTAB Order dated June 29, 2006 granting protective order (2 pages) | |
| 4/6/07 | Applicant's Response to Opposer's Opposition to Motion to Compel and Motion for Protective Order | Declaration of Safia A. Anand (6 pages) *Ex. 1 to Declaration of Safia A. Anand:* Plaintiff's Second Request for Production of Documents dated January 8, 2007 (3 pages) | 19 |

| Date of Filing | Document Filed | Exhibit(s) Attached (No. of Pages) | Total No. of Pages of Exhibits |
|---|---|---|---|
| | | Declaration of Mary L. Grieco (4 pages)<br><br>*Ex. 1 to Declaration of Mary L. Grieco:* Letter from M. Grieco to F. Charles dated March 13, 2007 in response to F. Charles' fax of March 12, 2007 re Bostany firm's lack of good faith, requesting that opposer provide the documents and information set forth in Motion to Compel and stipulates to appropriate timing of depositions, applicant would withdraw the motion (2 page)<br><br>*Ex. 2 to Declaration of Mary L. Grieco:* Letter from M. Grieco to F. Charles dated March 14, 2007 stating that applicant will not be appearing for deposition on March 15, that applicant has filed a Motion for Protective Order and is continuing the GMA Accessories deposition until after the Motion to Compel and Motion for Protective Order are decided (2 page)<br><br>*Ex. 3 to Declaration of Mary L. Grieco:* Letter from M. Grieco to F. Charles dated March 19, 2007 requesting that opposer provide the documents identified in the Motion to Compel, and in S. Anand's Feb. 2, 2007 letter to J. Yoo and providing verified responses to interrogatories; and requesting the 248 pages of documents applicant identified at the document inspection, or to respond to the motion to compel (2 page) | |
| | **GRAND TOTAL NO. OF PAGES OF EXHIBITS:** | | **297** |

# EXHIBIT G

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3   SANEI CHARLOTTE RONSON LLC,     .    Case No. 07-cv-09578-CM-DCF
                                     .
 4                   Plaintiff,      .
                                     .    New York, New York
 5              vs.                  .    Friday, March 14, 2008
                                     .
 6   GMA AACCESSORIES, INC.,         .
                                     .
 7                   Defendant.      .
     . . . . . . . . . . . . . . .   .
 8

 9                    TRANSCRIPT OF CONFERENCE
                 BEFORE THE HONORABLE DEBRA C. FREEMAN
10                 UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:   (On the record)
12

13   For the Plaintiff:            Ira S. Sacks, Esq.
                                   Safia A. Anand, Esq.
14                                 Mary L. Grieco, Esq.
                                   Rob Grand, Esq.
15                                 DREIER LLP
                                   499 Park Avenue
16                                 New York, New York 10022

17   For the Defendant:            John Bostany, Esq.
                                   THE BOSTANY LAW FIRM
18                                 40 Wall Street
                                   New York, New York 10005
19

20   Audio Operator:              Electronically Recorded
                                  by Court Personnel
21
     Transcription Company:       Rand Reporting & Transcription, LLC
22                                80 Broad Street, Fifth Floor
                                  New York, New York 10004
23                                (212) 504-2919
                                  www.randreporting.com
24
     Proceedings recorded by electronic sound recording, transcript
25   produced by transcription service.
```

28

1        THE COURT:  Where are you looking?

2        MR. BOSTANY:  I'm looking --

3        THE COURT:  I'm looking at Attachment B to the March

4    13 letter that Mr. Sacks wrote.

5        MR. SACKS:  If you go to Page 4 of Attachment B, Your

6    Honor, the current position, and it's with respect to 4 through

7    6 and 12 and 13 --

8        THE COURT:  Well, I'm looking at Interrogatory 3, and

9    then I was going to go on.  Should I skip 3?

10       MR. SACKS:  No, Your Honor.  But what Mr. Bostany was

11   referring to was the response from Mr. Paltrowitz as to 4

12   through 6 and 12 through 13 where he said, look through the

13   37,000 documents without giving us Bates numbers which would be

14   --

15       MR. BOSTANY:  Your Honor, the documents are Bates

16   stamped.  There's 35,000 sales order.  They are segregated in

17   terms of year.  They all relate to Charlotte.  They show every

18   single sale, every single product.  I don't know why Mr. Sacks

19   would feel that that would not be enough for him to determine

20   if, in fact, GMA --

21       THE COURT:  Well, okay.  Hold on.  I've said this

22   before.  You are entitled to answer an interrogatory response

23   by reference to documents.  The rules say that, but you have to

24   refer specifically enough so that the party propounding the

25   interrogatory knows where to find the particular answer to the

1    particular question.

2         If all of these documents are sales records, and

3    that's 30,000 -- 37,000 pages of sales records.

4         MR. BOSTANY:  35,000.

5         THE COURT:  35,000 pages of sale records, whatever.

6         MR. BOSTANY:  2,000 are advert -- there's

7    advertisements.  There's cease and desist letters.  They have

8    all been segregated.  They have all been segregated.

9         THE COURT:  Okay.  If there is an interrogatory --

10   let's take Interrogatory Number 3, okay, which is the one that

11   I was on, which is identifying people with responsibility.  And

12   I gather these documents are not going to answer that question.

13        Now, maybe Mr. Sacks would be satisfied with skipping

14   Interrogatory Number 3 if he gets an answer that he's

15   comfortable with on Interrogatory 4 and so on.  Is that right?

16   Should I skip 3 and go on, or should I stick with 3 for the

17   moment?

18        MR. SACKS:  Your Honor, if I got an answer to 4

19   through 6 and 12 through 13, I might -- an answer that gave me

20   Bates numbers of documents for each product, which is what we

21   asked for.

22        THE COURT:  All right.  So let's --

23        MR. SACKS:  I might not need 3.

24        THE COURT:  Let's go -- let's put 3 on hold.  Let's go

25   to Number 4.

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

SANEI CHARLOTTE RONSON LLC

                Plaintiff,

                                 Civil Action No.: 07CV9578 (UA)

   - against -

GMA ACCESSORIES, INC.

                Defendant.

-----------------------------------------------------X

### GMA ACCESSORIES, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Defendant, GMA Accessories, Inc. ("GMA"), hereby incorporates its objections in its Response to Plaintiff's First Set of Interrogatories, dated January 11, 2008, and supplements its responses to Plaintiff's First Set of Interrogatories by reference to interrogatory responses already exchanged with Dreier LLP as they were attorneys that asked and got answers to many of the same questions in GMA v. Ronson opposition proceeding identified in the protective order of this case. GMA further supplements as follows:

### SUPPLEMENTAL RESPONSES

**Interrogatory 1:** See response to Interrogatories dated March 16, 2006 already exchanged with Dreier in TTAB proceeding referred to in the protective order in this case, GMA v. Ronson.

**Interrogatory 4:** Identify each product that has been, is being, or will be sold or offered for sale in connection with GMA's Charlotte Marks.

**Supplemental Response to Interrogatories 4**:  The products are identified in GMA's Trademark Applications and Registrations publicly available.

**Interrogatory 5:**  State separately for each product identified in response to Interrogatory No. 4:

      (a)     the generic name of the product;

      (b)     the date the product was first sold in intrastate and interstate commerce;

      (c)     whether any product was discontinued, each product that was discontinued, and the reason(s) for such discontinuance;

      (d)     the date of first use in commerce of GMA's Charlotte Marks in connection with such product;

      (e)     the identity of each person who participated in each first use;

      (f)     the trade channels by which each product travels or will travel from GMA to the ultimate end user of such product;

      (g)     the classes of purchasers (e.g., retailers, general public, age group – adults, children infants);

      (h)     the classes of end users;

      (i)     each type of retail and/or other business establishments in the United States that sell or will sell such product;

      (j)     the names and addresses of the five largest business establishments in the United States, which are accessible to the public, where such product is currently on sale;

      (k)     the annual dollar and unit volume of sales in the United States for each such product from GMA's first use of GMA's Charlotte Marks to the present; and

      (l)     the anticipated or estimated annual dollar and unit volume of sales in the United States for each such product.

**Supplemental Response to Interrogatories 5**:

      (a)     The generic names for the products are identified in GMA's Trademark Applications and Registrations.

      (b)     The dates the products were first sold are identified in GMA's Trademark

Applications and Registrations.

(c)    No products that are listed in active registration or applications were discontinued.

(d)    The date of first use in commerce of GMA's Charlotte Marks are identified in GMA's Trademark Applications and Registrations.

(e)    George Altirs

(f)    GMA uses intermediary retailers to sell its products to the end user.

(g)    Retailers then downstream to the general public

(h)    Adults, Teens, Tweens, Children and Pets

(i)    Department Stores and Boutiques

(j)    See response to Interrogatories dated March 16, 2006 in TTAB proceeding referred to in the protective order in this case, Ronson v. GMA

(k)    GMA objects as it is the same burden on GMA to search through its sales orders to answer this question as it is for defendants to do the same with the sales orders in defendants' possession. Without waiving this objection, a spreadsheet is attached setting forth sales of all Charlotte products for the past 5 years.

(l)    GMA objects as it is the same burden on GMA to search through its sales orders to answer this question as it is for defendants to do the same with the sales orders in defendants' possession. Without waiving this objection, a spreadsheet is attached setting forth sales of all Charlotte products for the past 5 years.

**Interrogatory 6:** State the annual advertising and promotional expenditures in the United States for each product identified in response to Interrogatory 4 from GMA's first use of GMA's Marks to the present.

**Supplemental Response to Interrogatory 6:**    See Documents with Bates Numbers 26157-26370 and 38679-38697 and attached spreadsheet.

**Interrogatory 9:** Identify all licensees or the parties to whom GMA has licensed or otherwise granted authority to use GMA's Charlotte Marks, or any colorable variations thereof, in the United

States, and identify the mark and the products and/or services covered by each such license or authorization.

**Supplemental Response to Interrogatories 9:** The licensees and/or other parties are identified in the Charlotte Russe (bates numbers 494-501), UNNC found in USPTO Application 77-012104, Zyloware (bates number 125) and Wright Medical Agreements (bates numbers 34843-34845) previously produced.

**Interrogatory 10:** Identify all persons or entities with which GMA has co-existence agreements, and identify the date of the agreement, person, or entity, mark and the products and/or services covered by each such agreement.

**Supplemental Response to Interrogatory 10:** See Supplemental Response to Interrogatory 9.

**Interrogatory 11'**: (a) Has GMA, including any of GMA's predecessors-in-interest, ever been a party to an assignment of rights or to any agreements which in any way involve or affect GMA's ownership or title to GMA's Charlotte Marks, or use of GMA's Charlotte Marks?

> (b) If the answer to subpart (a) is other than an unqualified negative, identify:
>
> > i. All marks involved in each such assignment or agreement;
> >
> > ii. All parties to each such assignment or agreement; and
> >
> > iii. The date of each such assignment or agreement.

**Supplemental Response to Interrogatory 11:** See Supplemental Response to Interrogatory 9.

**Interrogatory 12:** Identify each trademark search, clearance or other inquiry conducted by or on behalf of GMA relating to GMA's Charlotte Marks or any other mark containing the word CHARLOTTE, by stating for each such search or other inquiry (a) the date or, if not possible, the approximate date of such search, clearance or other inquiry; (b) the name, address, title and employer of the person who conducted such trademark search, clearance or other inquiry; (c) the name, address, title and employer of the person who authorized such trademark search, clearance or other inquiry; and (d) each mark, name or other designation cited in such trademark search,

clearance or other inquiry, the owner or apparent owner thereof, and the goods, services, business or apparent goods, services or business associated or connected therewith.

**Supplemental Response to Interrogatory 12:** See bates numbers 191-264 and 32671-32858.

**Interrogatory 13:** Identify all disputes, including, but not limited to, lawsuits, oppositions, cancellation proceedings, written objections or threatened litigation, in which GMA is or has in any way been involved (other than the present proceeding) with respect to GMA's Charlotte Marks, and indicate how such dispute was eventually resolved, including whether there were any agreements between the parties or decisions by any court or tribunal.

**Supplemental Response to Interrogatory 13:**    Cease and Desist letters are easily identifiable in hard copy documents (approx. 400 pages) delivered to Dreier LLP. Otherwise, objection this information is publicly available. Without waiving this objection the following matters are further identified:

1. GMA Accessories, Inc. v. The Black & Decker Corporation, TTAB Opposition No.: 91166381

2. GMA Accessories, Inc. v. Charlotte Brown, TTAB Cancellation No.: 92045997

3. GMA Accessories, Inc. v. Charlotte Tilbury Limited, TTAB Opposition No. 91171089

4. GMA Accessories, Inc. v. C. Ronson, Inc., TTAB Opposition Nos.: 91167353 and 91168148

5. GMA Accessories, Inc. v. Croscill, et. al, SDNY Civ. No. 06-CV-6236

6. GMA Accessories, Inc. v. Daily Sparkle, LLC., TTAB Opposition No. 91168132

7. GMA Accessories, Inc. v. Ehinger-Schwarz GmbH & Co. KG, TTAB Opposition No.: 91178562

8. GMA Accessories, Inc. v. Eminent, Inc., et al., SDNY Civ. No. 07-CV-3219

GMA Accessories, Inc. v. GC Trademarks LLC, TTAB Opposition No.: 91171219

9. GMA Accessories, Inc. v. Annick Goutal, TTAB Cancellation No.: 92046003

10. GMA Accessories, Inc. v. JJJ International LLC, TTAB Cancellation No.: 92046002

11. GMA Accessories, Inc. v. Lauren Merkin Productions, LLC, SDNY Civ. No.: 07-CV-10936

12. GMA Accessories, Inc. v. Quicksilver, Inc., SDNY Civ. No. 07-CV-11527

13. GMA Accessories, Inc. v. RLJ Basketball, LLC, TTAB Opposition No.: 91159543

14. GMA Accessories, Inc. v. Wright Medical Technology Inc, TTAB Opposition No. 91172575

15. Jimlar Corporation v. GMA Accessories, Inc., SDNY Civ. No.: 07-CV-8622

Dated: New York, New York
       March 20, 2008

By:  _____

     Crystal S. A. Scott
     THE BOSTANY LAW FIRM
     Attorneys for Defendant
     40 Wall Street
     New York, New York 10005

- 6 -

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

George Altirs, being duly sworn deposes and says:

1.    I am the CEO of defendant in this action.

2.    I have read the foregoing GMA's Responses and Supplemental To Plaintiff's

Interrogatories and know the contents thereof.  The same is true to my knowledge

except as to the matters stated to be alleged on information and belief and as to

those matters I believe them to be true.

_____
George Altirs

Sworn to before me this
25th day of March, 2008

_____
Notary Public

JOHN P. BOSTANY
Notary Public, State of New York
No. 02B05072359
Qualified in Kings County
Commission Expires Jan. 27, 2011

CONFIDENTIAL

## CHARLOTTE SALES

| Year | Sales | Ref Page |
|---|---|---|
| 2002 | $ 1,032,851.0 | |
| 2003 | $ 1,146,272.9 | 540, 542, 1316, 1405, 1426, 1442, 1458, 1474, 1510, 1530, 1556, 1571, 1974, 2004, 2066, 2096, 2108, 2120, 2134, 2157, 2171, 2220, 2261, 2289, 2297, 2303, 2317, 2324, 2331, 2352, 2392, 2313, 2382, 2388, 2397, 2414, 2416, 2707, 2729, 2843, 2882, 2907, 2908, 3047, 3209, 3444, 3476, 4747, 4782, 4774, 4797, 4848, 4865, 4911, 4950, 4971, 4974, 5047, 5094, 5117, 5129, 5147, 6439, 6849, 6924, 6934, 6971, 6989, 7016, 7061, 7094, 7105, 7129, 7142, 7153, 7169, 7250, 7270, 7290, 7312, 7323, 7361, 7396, 7408, 7430, 7467, 7476, 7498, 7614, 7651, 7676, 7591, 7823, 6749, 1007-1019, 1023 - 1043, 1045 - 1055, 1062 -1065, 1100 - 1116, 1121 - 1122, 1265 - 1284, 1566, 1688 - 1901, 1902, 2021 - 2022, 2044 - 2045, 2057 -2058, 2091-2092, 2184 - 2163, 2423 - 2425, 2582 - 2564, 2579 - 2580, 2618 - 2619, 2640 - 2650, 2881 - 2683, 2770/ 2812, 2939/ 2965-2966/ 3129-3130/ 3144-3145, 3115 - 3116, 3158- 3159/ 3214- 3215, 3251- 3253, 4012 & 4813, 4880 - 4881, 4920 & 4921, 4960 & 4961, 5093 5 5096, 522, 541, 539-530, 605-686, 5672 - 6873, 6885-6904, 8810, 6819, 693-7097 719-719, 6949 & 6950, 7042 & 7043, 7093 & 7090, 7195 & 7196, 8735-8767 |
| 2004 | $ 2,481,731.9 | 535, 536, 3529, 3779, 3789, 3628, 3835, 3845, 3857, 3896, 3907, 3918, 3925, 3988, 3997, 4033, 4065, 4092, 4113, 4122, 4148, 4150, 4168, 4172, 4178, 4189, 4205, 4213, 4221, 4238, 4244, 4281, 4283, 4332, 4350, 4372, 4379, 4398, 4418, 4477, 4488, 4590, 4988, 5809, 5819, 5830, 5840, 5854, 5865, 5872, 5882, 5907, 5937, 5960, 5971, 5800, 6054, 6069, 6100, 6116, 6131, 6169, 6196, 6213, 6218, 7505, 7638, 7840, 7714, 7727, 7755, 7788, 7794, 7810, 7628, 7849, 7884, 7919, 7933, 7948, 7956, 7997, 8018, 8040, 8058, 8096, 8123, 8168, 8175, 8198, 8225, 8246, 8271, 8285, 8312, 8325, 8373, 8387, 8419, 8430, 8448, 8476, 8463, 8603, 8763, 8685, 8821, 8872, 8894, 8908, 13457, 13740, 21667, 21880, 21736, 21782, 21794, 21808, 21945, 21981, 21900, 22037, 22127, 22188, 22239, 22240, 22353, 22457, 22630, 22838, 22840, 22732, 22783, 22906, 22977, 23038, 23027, 23063, 23097, 23174, 23305, 23431, 23472, 23499, 23522, 23568, 23672, 23708, 23729, 23738, 23762, 24015, 24034, 24035, 24054, 24055, 24212, 24236, 24250, 24519, 24641, 24642, 24710, 13566 |
| | | 5573-5574, 13622-13633, 5491 - 5492, 13873, 5747-5760, 22257 - 22236, 22290 - 22291, 22315, 22316, 22357- 22358, 22391 - 22392, 22425 - 22426, 22474 ,22475, 22559 - 22560, 22607-22608, 22810 - 22815, 22828, 22630, 22655 - 22656, 22672 - 22673, 22710-22771, 23193-23194, 23225 - 23226, 23253-23259, 23504-24505, 23340 - 23344, 23407-23406, 23886-23857, 24161 - 24182, 32223 - 30225, 30230-30232, 30430 - 30431, 3506 - 3609, 3807, 22170, 3746-3749, 3806 & 3613, 3867 - 3888, 3906 & 9131, 3942 - 3943, 3971 - 3972, 4075-4076, 4107 - 4108, 4130 & 4271, 4231 & 4232, 4257 - 4258, 4306 & 4350, 4318 & 4319, 4418 - 4417, 4434 - 4435, 4535 - 4536, 4546 - 4547, 4555 - 4556, 4582 - 4583, 4620 - 4621, 4620 - 4630, 4657 - 4658, 4722 - 4723, 5163, 5186, 13336-13342, 5180- 5181, 5184 -5185, 5256 - 5257, 5283, 13438, 5302 - 5303, 13457, 5311 - 5314, 13468, 5323 - 5324, 13477, 533, 634, 5385 - 5397, 13895, 13897, 6448, 13876, 5491 - 5492, 13603, 5512 & 13768, 5682, 5683, 5884, 13806, 13807, 13806, 5517, 13584, 13552, 5598, 13742, 5814, 5919, 13709 & 13802, 5642 & 13768, 5682, 5683, 5884, 13806, 13807, 13806, 5517 |
| 2005 | $ 3,052,597.0 | 10496, 10516, 10530, 10547, 10563, 10580, 10599, 10639, 10655, 10682, 10702, 10737, 10747, 10750, 10784, 10809, 10822, 10839, 10871, 10912, 14288, 14296, 14421, 14437, 14453, 14476, 14490, 14515, 14538, 14606, 14696, 14701, 14783, 14918, 14923, 14906, 14970, 14991, 14999, 15071, 15080, 15008, 15120, 15144, 15155, 15156, 15321, 15343, 15365, 15418, 15436, 15624, 15645, 15586, 15570, 15653, 15676, 15665, 15714, 15715, 15732, 15743, 15755, 15767, 16074, 16137, 16289, 16426, 16445, 16460, 16870, 16671, 17381, 20245, 20278, 21561, 24906, 25560, 26852, 26873, 29910, 29918, 26955, 23089, 26007, 29057, 26080, 26113, 26127, 26136, 26149, 27789, 27631, 27850, 26010, 26034, 38247, 31944, 31048, 31054, 31092, 31085, 31067, 31730, 10513 & 10525, 10620, 10624, 10876-10697, 10693 & 10696, 10708 |
| | | 10710-10712, 10760 & 10770, 10792 & 10800, 10870 & 10865, 10920 & 10926, 13374, 27767, 27781, 13561, 13363, 5233-5234, 5235-5237, 14567, 14911, 14955, 16407, 16409, 16973, 14763, 15166, 15167-15170, 15223, 15227, 15303-15304, 15597-15598, 15501-15502, 15985 - 15986, 16082 - 16083, 16118 - 16119, 16167 - 16171, 16185 - 16167, 16190-16163, 16228 - 16230, 16243 - 16245, 16255 - 16256, 16304 - 16305, 16316 - 16317, 17658-17662, 16743 - 16753, 16755-15760, 15007 - 16008, 16907 - 16908, 16923 - 16924, 16909 - 16999, 17052 - 17054, 17089 - 17091, 17096-17102, 17136-17149, 17194 - 17195, 17230 - 17231, 14478, 17244 - 17245, 17297 - 17299, 17303-17310, 17300 - 17310, 17357 - 17363, 17388 - 17399, 17394, 17417 - 17429, 17424 - 17428, 17428 - 17425, 17507 - 17508 |
| | | 20328 - 20337, 20265 - 20266, 20316 - 20317, 23329 - 20330, 21567 - 21569, 21577 - 21578, 21589 - 21591, 21604 - 21605, 24362 - 24983, 25006 - 25007, 25027 - 25029, 25030-26032, 25049 - 25060, 25074 - 25076, 25095 - 25096, 25085 - 25097, 25117 - 25116, 25126 - 25122, 25143 - 25144, 26149-26140, 25155 - 25156, 25176 - 25177, 25193 - 25194, 25183 - 25184, 25208 - 25211, 25217-25219, 25238 - 25238, 25268 - 25269, 25275 - 25270, 25281 - 25282, 25295 - 25296, 25337 - 25338, 25340-25341, 25353 - 25355, 25576 - 25578, 25585 - 25586, 25600 - 25601, 25608 - 25607, 25617 - 25618, 25847 - 25648, 25689 - 25670, 25879 - 25680, 25740 - 25750, 25758-25759, 28754 - 28757, 27623 - 27626, 27873 - 27874, 27896 - 27901, 27934-27937, 27020-27950, 27975-1-27977 27963-27984, 28086 - 28088, 28153 - 28154, 28157 - 28158, 29170 - 29168, 29685 - 29694, 29645 - 29985 - 29996 |
| 2006 | $ 5,369,189.9 | 11558, 11589, 11607, 26378, 27110, 27465, 27493, 27619, 28063, 26534, 28547, 26572, 28576, 28079, 28718, 28724, 28730, 26749, 28767, 29036, 29503, 29580, 29623, 29633, 29878, 30519, 30571, 30588, 30871, 30910, 31628, 31076, 31082, 31088, 31108, 31142, 31178, 31215, 31216, 31284, 31325, 31340, 31403, 31435, 31814, .. 11571, 11737, 30594, 11573, 11602,30853, 11575, 13191, 11577, 13057, 30811, 11578, 12095, 11581, 12997, 11583, 12952, 30603-30984, 11585, 12315, 30878, 11591, 12443, 11335, 12587, 11599, 12724 |
| | | 20302 - 20304, 25636 - 25637, 26418 - 26419, 26471 - 26476, 26520 - 28526, 26568 - 28571, 28603 - 28604, 28613 - 26616, 28820 - 26824, 26740, 28631 - 26740, 26843 - 26844, 28859 - 28860, 26921 - 26922, 25216 - 29223, 28031 - 28032, 20040 - 28942, 28978 - 28979, 28996 - 28997, 27006 - 27007, 27023 - 27024, 27034, 27051 - 27058, 27112 - 27113, 27140 - 27141, 27204 - 27205, 27219 - 27221, 27223 - 27227, 27240 - 27241, 27259 - 27281, 27265 - 27268, 27275 - 27276, 27293 - 27305, 27307-27314, 27384 - 27385, 27406 - 27407, 27418 - 27419, 27434 - 27437, 27634 - 27636, 27643 - 27655, 27657, 26669-22666, 27647 - 27650, 27683 - 27691, 27693 - 27697, 27716 - 27717, 27720 27739, 27749, 28194 - 28195, 26201 - 26202, 28254 - 26258, 28271 - 28272, 28278 - 28270, 28296 - 28289, 28308 - 29309, 28316-28317, 28364-28365, 28324 - 28325, 28367-28368, 28367, 28324 - 28325, 20377-28378, 28366, 28351 - 28352, 28397-28401, 28407 - 28411, 28450-28463, |
| | | 28414 - 28417, 28424 - 28426, 28443 - 28446, 28468 - 28471, 28480 - 28481, 28490 - 28491, 28503 - 28506, 28518 - 28517, 28524-28525, 28558 - 28559, 28584 - 28585, 28597 - 28598, 28635, 28662 - 28564, 28659 - 28700, 28772 - 28773, 28787 - 28788, 28793 - 28798, 28820 - 28821, 28839 - 28844, 28880 - 28883, 28897 - 28898, 28896, 28906 - 28911, 28929 - 28930, 28958 - 28960, 28973 - 28978, 29037 - 29040, 29045 - 29048, 29149 - 29151, 29153-29156, 29165 - 29167, 29255 - 29257, 29268 - 29270, 29286 - 29290, 29321 - 29325, 29336 - 29338, 29333 - 29347, 29375 - 29376, 29389 - 29390, 29430, 29431 - 29433, 29484 - 29484, 29499 - 29471, 29491-29482, 29493 - 29494, 29522 - 29524, 29534, 29535, 29539 - 29540, 29551 - 29552, 29553 - 29554, 29572 - 29573, 29605 - 29606, 29638 - 29639, 29650 - 29651, 29661 - 29662, 29872 - 29877 - 29878, 29887 - 29886, 29889 - 29700, 29708 - 29709, 29721 - 29722, 29741 - 29742, 29754 - 29758, 29784 - 29765, 29781 - 29782, 28790 - 29791, 29821 - 29822, 29638 & 29639, 29895 - 29986 |
| | | 30102 - 30184, 30214 - 30217, 30560 - 30561, 30531 - 30532, 30534-30535, 30545 - 30548, 30618 - 30810, 30632 - 30633, 30688 - 30670, 30683 - 30684, 30569 - 30699, 30712-30713, 30729 - 30738, 30769 - 30701, 30794 - 30808, 30861 - 30865, 30891 - 30992, 30897 - 30896, 31090 - 31091, 31167 - 31168, 31101 - 31102, 31290 - 31281, 31299 - 31200, 31293 - 31294, 31302 - 31303, 31308 - 31307, 31310 - 31311, 31313-31314, 31330 - 31331, 31334 - 31335, 31347 - 31353, 31357-31339, 31370 - 31371, 31379 - 31383, 31009 - 31810 |
| | $13,002,442.0 | |

## HIGHLY CONFIDENTIAL

| GMA Accessories | | | | | | |
|---|---|---|---|---|---|---|
| *Schedule of rent allocated to Charlotte brand and products* | | | | | | |
| | | | | | | |
| | | | | | | |
| YEAR | 1 East 33rd st. 9th floor | 1 East 33rd st. 8th floor | Utilities and maintenance both floors | Total | % allocated to Charlotte | Rent allocated to Charlotte |
| 1999 | 175,689 | | 26,500 | 202,189 | 10% | 20,218.90 |
| 2000 | 179,910 | | 29,000 | 208,910 | 15% | 31,336.50 |
| 2001 | 184,251 | | 28,600 | 212,851 | 15% | 31,927.65 |
| 2002 | 188,735 | | 27,655 | 216,390 | 15% | 32,458.50 |
| 2003 | 193,347 | 135,000 | 56,000 | 384,347 | 20% | 76,869.40 |
| 2004 | 198,097 | 224,680 | 75,000 | 497,777 | 20% | 99,555.40 |
| 2005 | 167,989 | 231,420 | 75,000 | 474,409 | 20% | 94,881.80 |
| 2006 | 173,029 | 238,363 | 75,000 | 486,392 | 20% | 97,278.40 |
| | | | Total | | | $484,526.55 |

# EXHIBIT I

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
2

3   SANEI CHARLOTTE RONSON LLC,    .    Case No. 07-cv-09578-CM-DCF
                                   .
4                     Plaintiff,   .
                                   .    New York, New York
5              vs.                 .    Friday, March 14, 2008
                                   .
6   GMA AACCESSORIES, INC.,        .
                                   .
7                     Defendant.   .
    . . . . . . . . . . . . . . .
8

9                     TRANSCRIPT OF CONFERENCE
               BEFORE THE HONORABLE DEBRA C. FREEMAN
10                UNITED STATES MAGISTRATE JUDGE

11
    APPEARANCES:   (On the record)
12

13  For the Plaintiff:          Ira S. Sacks, Esq.
                                Safia A. Anand, Esq.
14                              Mary L. Grieco, Esq.
                                Rob Grand, Esq.
15                              DREIER LLP
                                499 Park Avenue
16                              New York, New York 10022

17  For the Defendant:          John Bostany, Esq.
                                THE BOSTANY LAW FIRM
18                              40 Wall Street
                                New York, New York 10005
19

20  Audio Operator:             Electronically Recorded
                                by Court Personnel
21
    Transcription Company:      Rand Reporting & Transcription, LLC
22                              80 Broad Street, Fifth Floor
                                New York, New York 10004
23                              (212) 504-2919
                                www.randreporting.com
24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.

34

1          MR. BOSTANY:  Well, I think that what Mr. Paltrowitz's

2   objection was --

3          THE COURT:  Mr. Bostany, this makes no sense.

4          MR. BOSTANY:  I think that what Mr. Paltrowitz's

5   objection was is Mr. Sacks didn't identify which product he

6   wanted the Bates stamp numbers for.  He just said, give us the

7   Bates -- he just, he said each product, and Mr. Paltrowitz then

8   gave the Bates stamp numbers for all the products.  Had Mr.

9   Sacks said, when did you sell hair clips?  He would have gotten

10  an answer.

11         THE COURT:  Okay.  Your answer is that in order to

12  identify the products that have been sold, they have to look

13  through all thirty however many -- well, 35,000, 37,000

14  documents?

15         MR. BOSTANY:  Well, I think under the rules it's clear

16  that Mr. Sacks has to identify -- if he wants the Bates stamp

17  numbers for hair clips, he has to ask that in his

18  interrogatory, and he will get the Bates stamp numbers.

19         THE COURT:  No.  Your answer is either the products

20  that have been sold have been hair clips, have been T-shirts,

21  have been jeans, have been whatever they are.  Or your answer

22  is in order to see what products you have been sold, we direct

23  you to documents we are producing Bates Number this, this, and

24  that.

25             If what you're saying is culled through 37,000 pages

35

1  to figure out what products we sell, and that this is the

2  answer to Interrogatory 5 and 6 and 12 and 13, without my even

3  looking at them, this is not an answer, and this is not what

4  the rules say.

5       MR. BOSTANY:  Right.  But Mr. Paltrowitz also

6  identified the trademark registrations which set forth each and

7  every product that Mr. Sacks has.  So he's already been

8  informed of the products and he's already been --

9       THE COURT:  Where has he been informed of the

10  products?  Which letter informed him of the products?  Where

11  did you do that to inform him of all the products?

12       MR. BOSTANY:  I'm looking for it now, but it's a

13  letter that says:

14          "Refer to our registrations and you will see the

15          products that we sell."

16       Our registrations contain a list of the products.

17       THE COURT:  Registrations contained don't -- register

18  -- if what your position is, our interrogatory answer is that

19  all of the products that we have sold, are selling, or will be

20  sold or offered for sale is exactly coextensive with the list

21  of products in the registrations, the registrations have been

22  produced to you, their Bates Number is this and that, that's an

23  answer.

24       MR. BOSTANY:  Yes.  And the -- I'm sorry, and the

25  applications which have also been --

36

1        THE COURT: Those are exactly coextensive. Those no

2  one more here or one less there or anything? That's exactly

3  it?

4        MR. BOSTANY: That's what my client tells me. They

5  haven't sold anything in addition to what has been identified

6  in those documents that Mr. Sacks has.

7        MR. SACKS: Your Honor, that would answer 4. It

8  wouldn't answer 5. It wouldn't answer 6.

9        THE COURT: All right. So if that's the answer to 4,

10 and that's -- and by the way, you keep referring to what

11 somebody else said. I need to know from you who are here today

12 that that is the answer.

13        MR. BOSTANY: Yes. That is the answer.

14        THE COURT: So the answer is do you have all the

15 registrations?

16        MR. SACKS: Yes. We have all the registrations.

17        THE COURT: All right. So you have on the record

18 today, and this is electronically recorded so a transcript can

19 be made if necessary. You have on the record today that the

20 products that have been, are being -- I'm sorry, have been

21 sold, are being sold, or will be sold or offered for sale in

22 connection with GMA Charlotte Marks are exactly coextensive

23 with those that are listed in the registrations and the

24 applications.

25        MR. SACKS: And the applications.

1      MR. BOSTANY:  Well, except I object to "will be sold,"

2   Judge.  I will not preclude GMA from entering other areas that

3   are not in the applications that are currently being filed.

4      MR. SACKS:  Okay.  And then I --

5      MR. BOSTANY:  I mean, they can't be precluded from

6   going into other areas because they're answering this

7   interrogatory based on --

8      THE COURT:  Well, then you have to otherwise answer

9   the interrogatory or otherwise specifically object on some

10  basis.

11     MR. BOSTANY:  Right.  Well, I'm objecting that that is

12  an unfair -- it's not likely to lead to discoverable evidence.

13  Well, as of today, I think it would be fair, then.  I

14  understand that, you know, you can't -- I think the "will be

15  sold" can be limited to as of today.  I don't know.  Will be

16  sold, Judge?  Is that a fair --

17     THE COURT:  I'm only trying to figure out if you are

18  adequately answering the question posed.  If you have a

19  specific objection to the question posed -- you know, I'm not

20  sure what kind of meet and confer you folks have had.  You

21  don't even seem to have your arms around just what the question

22  is.

23     MR. BOSTANY:  Right.  Well, it was objected to, and

24  it's properly objected to based on Local Civil Rule 33(a).  I

25  mean, we are doing this in good faith.  We're provide --

38

1      THE COURT:  Didn't we already have a conference where

2  I addressed Local Rule 33(a) and advised the parties?  Maybe it

3  wasn't this case.  Maybe it was the other case.

4      MR. BOSTANY:  No.

5      THE COURT:  Advised the parties to get past Local Rule

6  33(a) and move on.

7      MR. BOSTANY:  No.

8      MR. SACKS:  And we did get past Rule 33(a) because the

9  last response we got from Mr. Paltrowitz in the last meet and

10  confer -- and there have been about three hours of meet and

11  confers on this -- was, it's in the documents, just go sift

12  through the 35,000 documents.

13      Your Honor, with respect to Interrogatory 4, I'm happy

14  to take the representation on the record now, as long as, if

15  GMA changes its mind and wants to introduce something else in

16  the future, that Mr. Bostany seasonably updates his response,

17  as he's required to.

18      THE COURT:  And the relevance on your end is to what

19  it will do in the future?

20      MR. SACKS:  They have intent to use applications, Your

21  Honor.  They have to have a good-faith intent to use the

22  applications in terms of will use.  They have intent to use

23  applications.  We believe -- and without any issues under Rule

24  11, we believe that this --

25      THE COURT:  Is it part of Sanei's claims in this case?

1    MR. SACKS:  It goes to intentional fraud, Your Honor.

2  If this -- if GMA not only committed fraud with actual use, but

3  also committed fraud with intent to use applications because it

4  didn't have a good-faith intention to use the marks on the

5  goods listed in the intent to use, that goes to --

6    THE COURT:  That's fine, but in terms of other

7  potential future uses, that if they have a new idea of

8  something they want to do, why exactly are you entitled to

9  that?

10    MR. SACKS:  I don't need that, Your Honor.

11    THE COURT:  Okay.  All right.  So you'll take what

12  there is in their registrations and in the applications.

13    And Mr. Bostany, it's your representation that as of

14  this time, that fairly represents what the company intends to

15  sell as well as what it currently sells?

16    MR. BOSTANY:  Yes, Judge.

17    THE COURT:  All right.  Let's move on to Interrogatory

18  Number 5.  Now, this is stating separately for each particular

19  product a lot of information about that particular product, the

20  generic name, when it was first sold, whether it was

21  discontinued, when it was discontinued, why it was

22  discontinued, you know, who was involved, what trade channels,

23  and so on and so forth.

24    Apart from the Local Rule 33.3(a) objection, it's my

25  understanding from Mr. Sacks, and Mr. Bostany correct him if he