Ira S. Sacks
Mary L. Grieco
Safia A. Anand
DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100

Lisa T. Simpson
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 5th Avenue
New York, NY 10103
(212) 506-5100

*Attorneys for Plaintiff/Counterclaim Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
SANEI CHARLOTTE RONSON LLC,                                :
                                                           :  Civil Action No.
        Plaintiff/Counterclaim Defendant,                 :  07CV9578 (RWS)(DCF)
                                                           :
    -against-                                             :
                                                           :  **REPLY TO AMENDED**
                                                           :  **COUNTERCLAIM**
GMA ACCESSORIES, INC.,                                     :
                                                           :
        Defendant/Counterclaim Plaintiff                 :
-----------------------------------------------------------x

      Plaintiff/Counterclaim Defendant Sanei Charlotte Ronson LLC ("Ronson"), by and through its attorneys Dreier LLP and Orrick, Herrington & Sutcliffe LLP, replies to GMA Accessories, Inc.'s ("GMA") Amended Counterclaim on knowledge as to its own acts and otherwise on information and belief, as follows:

      94.    Paragraph 94 of the Amended Counterclaim does not set forth an allegation that requires a reply. To the extent a reply is required, Ronson denies

knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 94 of the Amended Counterclaim.

95. Ronson denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 95 of the Amended Counterclaim.

96. Ronson denies each and every allegation in paragraph 96 of the Amended Counterclaim.

97. Ronson denies each and every allegation in paragraph 97 of the Amended Counterclaim.

98. Ronson denies each and every allegation in paragraph 98 of the Amended Counterclaim.

99. Ronson denies each and every allegation in paragraph 99 of the Amended Counterclaim.

100. Ronson denies each and every allegation in paragraph 100 of the Amended Counterclaim, except admits that GMA claims that venue is proper under 28 U.S.C. Sec. 1391(b), and (c) and Sec. 1400(a).

## **FACTS**

101. Ronson denies each and every allegation in paragraph 101 of the Amended Counterclaim.

102. Ronson denies each and every allegation in paragraph 102 of the Amended Counterclaim, except admits that GMA claims to own various trademark registrations which were issued prior to the time that Ronson began using the CHARLOTTE RONSON mark.

103.    Paragraph 103 of the Amended Counterclaim sets forth a legal conclusion to which no reply is required.  To the extent a reply is required, Ronson denies each and every allegation in paragraph 103 of the Amended Counterclaim.

104.    Ronson denies each and every allegation in paragraph 104 of the Amended Counterclaim, except admits that: the mark CHARLOTTE was registered in International Class 25, Registration No. 2,535,454, on February 5, 2002, for the following goods:  clothing, footwear and headgear, namely hats, scarves, gloves and socks; such mark is owned by GMA; and this mark has been deemed incontestable.

105.    Ronson denies each and every allegation in paragraph 105 of the Amended Counterclaim, except admits that: the mark CHARLOTTE was registered in International Class 18, Registration No. 2,217,341, on January 12, 1999, for the following goods:  sacks and bags, namely, handbags made of textiles and beads; such mark is owned by GMA; and this mark has been deemed incontestable.

106.    Ronson denies each and every allegation in paragraph 106 of the Amended Counterclaim, except admits that: the mark CHARLOTTE was registered in International Class 9, Registration No. 2,561,025, on April 16, 2002, for sunglasses; such mark is owned by GMA; and this mark has been deemed incontestable.

107.    Ronson denies each and every allegation in paragraph 107 of the Amended Counterclaim, except admits that: the mark CHARLOTTE was registered in International Class 26, Registration No. 2,216,405, on January 5, 1999, for the following goods:  hair accessories, namely, hair clips, scrunchees, ribbons and braids; such mark is owned by GMA; and this mark has been deemed incontestable.

108. Ronson denies each and every allegation set forth in paragraph 108 of the Amended Counterclaim, except admits that GMA and Zyloware Corporation entered into an assignment regarding Registration No. 1,135,037.

109. Ronson denies knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 109 of the Amended Counterclaim.

110. Ronson denies each and every allegation set forth in paragraph 110 of the Amended Counterclaim.

111. Ronson denies each and every allegation set forth in paragraph 111 of the Amended Counterclaim.

112. Ronson denies each and every allegation set forth in paragraph 112 of the Amended Counterclaim, except admits that its goods have been sold under the designer's name, CHARLOTTE RONSON.

113. Ronson denies each and every allegation set forth in paragraph 113 of the Amended Counterclaim, except admits that its goods are sold under the designer's name, CHARLOTTE RONSON.

114. Ronson denies each and every allegation set forth in paragraph 114 of the Amended Counterclaim.

115. Ronson denies each and every allegation set forth in paragraph 115 of the Amended Counterclaim.

116. Ronson admits the allegations contained in paragraph 116 of the Amended Counterclaim, but states that Ronson did not conduct a trademark search because CHARLOTTE RONSON is Ms. Ronson's name.

## ALLEGATIONS

## COUNT I - TRADEMARK INFRINGEMENT (FEDERAL)

117. Ronson denies each and every allegation set forth in paragraph 117 of the Amended Counterclaim, except admits that Ronson did not start using her full name as a trademark until 2005 and that prior to that time she used the mark C. Ronson.

118. Ronson denies each and every allegation set forth in paragraph 118 of the Amended Counterclaim, except admits that GMA sent letters to Ronson's predecessor regarding the proposed use of CHARLOTTE RONSON and commenced opposition proceedings in October 2005.

119. Ronson denies each and every allegation set forth in paragraph 119 of the Amended Counterclaim.

120. Ronson denies each and every allegation set forth in paragraph 120 of the Amended Counterclaim.

121. Ronson denies each and every allegation set forth in paragraph 121 of the Amended Counterclaim.

122. Ronson denies each and every allegation set forth in paragraph 122 of the Amended Counterclaim.

123. Ronson denies each and every allegation set forth in paragraph 123 of the Amended Counterclaim.

124. Ronson denies each and every allegation set forth in paragraph 124 of the Amended Counterclaim.

125. Ronson denies each and every allegation set forth in paragraph 125 of the Amended Counterclaim as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning its customers.

126. Ronson denies each and every allegation set forth in paragraph 126 of the Amended Counterclaim.

127. Ronson denies each and every allegation set forth in paragraph 127 of the Amended Counterclaim.

128. Ronson denies each and every allegation set forth in paragraph 128 of the Amended Counterclaim.

129. Ronson denies each and every allegation set forth in paragraph 129 of the Amended Counterclaim as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning it is customers.

130. Ronson denies each and every allegation in paragraph 130 of the Amended Counterclaim.

131. Ronson denies each and every allegation set forth in paragraph 131 of the Amended Counterclaim as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning it is customers.

132. Ronson denies each and every allegation set forth in 132 of the Amended Complaint, and states that GMA's authorization or consent was not necessary for Ronson to use the mark CHARLOTTE RONSON.

133. Ronson denies each and every allegation in paragraph 133 of the Amended Counterclaim.

134. Ronson denies each and every allegation in paragraph 134 of the Amended Counterclaim.

## COUNT II - INFRINGING USE OF DOMAIN NAME (FEDERAL)

135. Ronson repeats and realleges its responses to the allegations set forth in paragraphs 94 through 134 of the Amended Counterclaim as if fully set forth herein and denies each and every additional allegation in paragraph 135 of the Amended Counterclaim.

136. Ronson denies each and every allegation in paragraph 136 of the Amended Complaint, except admits that it registered and uses the domain name www.charlotteronson.com.

137. Ronson denies each and every allegation in paragraph 137 of the Amended Counterclaim.

138. Ronson denies each and every allegation in paragraph 138 of the Amended Complaint, and states that GMA's consent is not necessary for Ronson's use of the domain name www.charlotteronson.com.

139. Ronson denies each and every allegation in paragraph 139 of the Amended Counterclaim.

## RONSON'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

140. The Amended Counterclaim fails to state a claim against Ronson upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

141. The claims in the Amended Counterclaim are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**THIRD AFFIRMATIVE DEFENSE**

142. The claims in the Amended Counterclaim are barred, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

143. Ronson is not manufacturing, marketing, selling, and/or offering for sale products using a mark that is confusingly similar to GMA's CHARLOTTE marks.

**FIFTH AFFIRMATIVE DEFENSE**

144. Ronson is not engaging in and has not engaged in any acts which constitute a violation of 15 U.S.C. §§1114(1) and/or 1125(d).

**SIXTH AFFIRMATIVE DEFENSE**

145. Ronson is not engaging in any acts which constitute trademark infringement or infringing use of a domain name.

**SEVENTH AFFIRMATIVE DEFENSE**

146. As set forth more fully in Ronson's Amended Complaint, GMA's CHARLOTTE and CHARLOTTE & FRIENDS Marks are invalid due to fraud on the trademark office.

**EIGHTH AFFIRMATIVE DEFENSE**

147. GMA is barred from seeking the relief requested, in whole or in part, by virtue of unclean hands and/or trademark misuse.

### **NINTH AFFIRMATIVE DEFENSE**

148. GMA is barred, in whole or in part, from seeking the relief requested on the grounds that, as of the date of the relevant Statements of Use and/or as Section 8&15 Declarations, GMA was not using the mark on all the goods covered by the GMA CHARLOTTE Marks.

### **TENTH AFFIRMATIVE DEFENSE**

149. GMA's alleged trademark "CHARLOTTE" does not function as a trademark as it is a weak mark, because standing alone, it is a commonly-used style designation in the apparel and jewelry industry.

### **ELEVENTH AFFIRMATIVE DEFENSE**

150. GMA has failed to mitigate damages, if any.

### **TWELFTH AFFIRMATIVE DEFENSE**

151. GMA requests relief based on claims that it failed to make in its Amended Counterclaim and thus is barred from such relief.

Dated: New York, New York
April 15, 2008

DREIER LLP

  /s/ Ira S. Sacks
Ira S. Sacks
Mary L. Grieco
Safia A. Anand
499 Park Avenue
New York, New York 10022
(212) 328-6100

Lisa T. Simpson
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5100

*Attorneys for Sanei Charlotte Ronson LLC*